Narciso **GALARZA CRUZ**, Petitioner

v.

Gerardo **DELGADO**, Warden, Respondent.

Civ. No. 260.

United States District Court
D. Puerto Rico.

Sept. 30, 1964.

Juan R. Torruella, San Juan, P. R., for petitioner.

Noel González Reichard, Dept. of Justice, Commonwealth of Puerto Rico, San Juan, P. R., for respondent.

RUIZ-NAZARIO, Chief Judge.

1. The petitioner, Narciso Galarza Cruz is of full age, and a citizen of the United States, residing in Puerto Rico.

2. The respondent, Gerardo Delgado is also of full age, United States citizen, resident of Puerto Rico, and is the Warden of the Penitentiary of the Commonwealth of Puerto Rico.

3. The petitioner is detained at said penitentiary, under the custody of the respondent, serving a sentence for the alleged commission of the crime of murder in the First Degree, imposed by the Superior Court of the Commonwealth of Puerto Rico, Aguadilla Part, entered on September 16, 1957, in Criminal Action No. G 57–1.

4. In the early evening of Friday, September 28th 1956, the body of one Dionisio Cruz Montalvo, a/k/a "Juancito", showing contusions on the back of the head and face, was found by residents of the Ward (Barrio) of Altosano of the Municipality of San Sebastián, Puerto Rico, on a trail in said ward. This fact was reported to the local police forces of said Municipality and the body of the wounded "Juancito" was carried in a hammock to the city hospital of San Sebastián.

That same evening, police officers visited the Altosano Ward (Barrio) to investigate the event. They interrogated or interviewed several citizens of the neighborhood, particularly the members of the wounded person's family. They were told who were the persons who had found the victim. These were interviewed and they turned over to the police officers a cudgel, about 27 inches long by 2 to 4 inches in diameter, smeared with blood and having human hairs adhered to it. The police officers were also informed that the victim was about 65 years old, near-sighted, used to carry large sums of money on his person, had no known vices; and had no known enemies; that probably the motive for the aggression was robbery, since the pockets of the victim's trousers were turned out and empty. With the above information at hand, the police contacted the District Judge of San Sebastián, the Hon. Herminio Rodríguez Quiñones, who ordered that all persons interviewed by the police be summoned to appear before him at the District Court House on Saturday, September 29, 1956, at 9:00 A.M.

On Saturday, September 29, 1956, the aforesaid Judge proceeded, at the Court House, to interrogate eight persons who had been summoned by the police. The petitioner herein, Narciso Galarza Cruz did not figure among those eight persons, but he was present at the Court House on said occasion. By that time, one Sixto Cruz Valentín, a cousin of the petitioner, *had identified the petitioner Narciso Galarza Cruz as the person who had assaulted and attacked Dionisio Cruz Montalvo, a/k/a "Juancito", the victim.* The judge then sent for petitioner, who at that time was around the Court House and proceeded to interrogate him. (See Respondent's return to the Writ of Habeas Corpus, filed August 26, 1964, part VI pages 2 and 4. Emphasis supplied).

5. Petitioner herein appeared before the aforesaid Hon. Herminio Rodríguez Quiñones, District Judge of San Sebastián, on said Saturday, September 29, 1956, and upon "being advised of the right that, *as defendant in this case*, he had to testify or not, and that if he testified, the statement there made could be used against him at the trial", he then answered questions relative to the alleged crime, disclaiming all participation in the same. Although he was mentioned or characterized as the *accused or defendant* in the case, he was never advised, while he was being thus interrogated, of his constitutional right to be assisted by counsel. (See Exh. 1 Petitioner). (Emphasis supplied.)

Judge Herminio Rodríguez Quiñones, who testified as a witness for the respondent at the hearing herein, conceded that he gave no advice to the petitioner of his right to counsel while interrogating him on September 29, 1956.

6. On the next day, i. e., September 30, 1956, the same judge issued a warrant for the arrest of petitioner herein, as *defendant or accused*, charging him with assault with intent to commit murder, setting a $5,000.00 bail bond, petitioner having been committed to the Aguadilla District Jail on that same date. (See Respondent's return filed August 26, 1964, pages 4 and 5, and Exh. D attached thereto).

In said Exhibit D, which is the warrant of arrest, petitioner herein, Narciso Galarza Cruz figures as the only *accused or defendant* in the case.

7. On October 8, 1956, while the petitioner herein remained confined in the Aguadilla District Jail pursuant to the warrant of arrest (Exh. D) referred in Finding 6 above, Police Corporal Luis A. Delgado was directed to transfer and did transfer him from said jail to the office of the Hon. Herminio Rodríguez Quiñones, District Judge of San Sebastián for further interrogation.

He was then questioned by the Judge and a sworn *statement or confession* was extracted from him without at any time advising him of his constitutional right to be assisted by counsel at that stage of the proceedings. (See Exh. 1 Respondent). Nowhere in said Exhibit does it appear that any such advice was given to the petitioner. The judge, in his testimony before this Court, admitted that he did not give petitioner any such advice. The police officer who typed said statement and was a witness at the hearing herein also admitted that no such advice had been given to the petitioner either prior to the taking of said statement or while it was being taken, or at any other time whatsoever.

8. As a result of the confession referred to in Finding 7 above, Judge Rodríguez Quiñones, on the same date, October 8, 1956, issued a warrant for the arrest of petitioner, and one Bartolo Muñíz Rodríguez, charging both of them with "attempt to commit Murder, and Robbery", bail being set in the sum of $5,000.00 for each of said counts.

9. The victim, Dionisio Cruz Montalvo, having died on October 13, 1956, Judge Rodríguez Quiñones issued, on the same date, another warrant for the arrest of the petitioner and of Bartolo Muñíz Rodríguez, charging both of them and one Enrique López, with first degree murder and setting bail in the amount of $10,000.00 as to each of them. Both were arrested that same evening and taken to the Aguadilla District Jail.

Up to this time, no advice whatsoever as to his right to have the assistance of counsel had been given to petitioner and no counsel whatsoever had actually seen or in any way assisted him, nor does it appear that he had any knowledge whatsoever of what the aid of counsel means to a person charged with crime.

10. Petitioner at the time of the happening of the above events was, as he had always been, a farm laborer. He was 61½ inches tall, and weighed 122½ lbs. He had never gone to school, did not know how to read or write. He lived in the Altosano Ward, a rural section at 1½ hours walking distance from the town of San Sebastián. He went to town only once a week, worked the hoe, cut cane and cultivated minor crops, earning around $3.50 for 8 hours at work per day. Nobody told him that he had the right to counsel. The first time he saw an attorney was when he was taken to the Superior Court of Puerto Rico, Aguadilla Part, for arraignment.

11. The jury trial of the petitioner herein and of the two other co-defendants in the case, was held in the Superior Court of Puerto Rico, Aguadilla Part, commencing on September 10, 1957. Franco Tulio Sánchez, Esq., was the Court appointed attorney for the petitioner herein and his co-defendant, Enrique López Ortiz.

12. The alleged confession extracted from the petitioner herein on October 8, 1956, while being questioned as a defendant by the Hon. Herminio Rodríguez Quiñones, District Judge of San Sebastián, without defendant being then assisted by counsel, was introduced and admitted in evidence at said trial.

13. Moreover, the judge, who presided at the trial upon admitting said alleged confession in evidence against the opposition of the defendants based on involuntariness, instructed the jury as follows: "If after considering all the evidence in the case you believe that these confessions (he was also referring to confessions of the other defendants, Bartolo Muñíz Rodríguez and Enrique López

Ortiz), or any one of them is not the result of a voluntary and spontaneous act of the person who gave it, you should not take it as evidence in the case. You should review the confession or confessions. That the situation is absolutely clear. (Sic) The Court has admitted in evidence three confessions of these three defendants. Ultimately you are the ones who have to decide. If you decide that these defendants or any of them made this confession and did not make it voluntarily, spontaneously and freely, you have the duty to review the confession and not consider the same as proof in the case. If on the other hand you decide that these two defendants, Enrique López Ortiz and Narciso Galarza Cruz, made the statements which have been admitted in evidence, voluntarily, spontaneously, no coercion or promise of any kind whatsoever having intervened therefor, then it is your duty to consider said confession as proof in the case against Enrique López Ortiz and against Narciso Galarza Cruz. As regards the confession given by Bartolo Muñíz Rodríguez, he admitted that he had given the same voluntarily and freely. I mean, that as to this there is no problem. The problem as regards voluntariness and spontaneousness exists as regards Enrique López Ortiz and Narciso Galarza Cruz. The Clerk shall proceed to read the two confessions to the Ladies and Gentlemen of the Jury." (See pages 256–257, Transcript of the Evidence introduced at said trial. Translation from Spanish by the Court.)

Later on, in giving his charges to the jury (page 421 of above-mentioned transcript) the Judge said:

"As regards the two other defendants, Narciso Galarza Cruz and Enrique López Ortiz, two confessions given by them confessing the crime have been offered and admitted in evidence. I must once more instruct the Ladies and Gentlemen of the jury that *if you find that these two confessions are not the result of the voluntary act of the one who gave it, you should reject the confession and not consider the same as proof in the case.*" (Emphasis is supplied).

14. Whereupon the jury retired to deliberate and thereafter returned a verdict finding the herein petitioner Narciso Galarza Cruz, guilty of the crime of murder in the first degree. The act of sentencing was postponed to September 16, 1957. On the last named date petitioner herein assisted by the public defender, who was the same attorney who represented him at the trial, appeared before the same trial court and was then sentenced to life imprisonment at hard labor. This is the sentence upon which respondent relies to support petitioner's present incarceration.

15. Although it does not appear whether petitioner took any direct appeal from this sentence to the Supreme Court of Puerto Rico, respondent concedes that petitioner has filed, at different times, habeas corpus proceedings in the local courts of the Commonwealth as well as in the Supreme Court of Puerto Rico, in 1958, 1960, 1961, and 1962, with no success whatsoever. In at least one of said proceedings the petitioner claimed that he had no effective legal assistance of counsel.

16. The Court, therefore, finds that the petitioner has substantially exhausted the remedies available to him under the laws of the Commonwealth of Puerto Rico.

From the above findings, I arrive at the following:

## CONCLUSIONS OF LAW

I—This Court has jurisdiction in the proceedings herein, pursuant to Sections 2241, and 2254, Title 28 U.S.C.A.

II—The October 8, 1956 confession was deliberately elicited from the petitioner after he had been expressly charged with the offense, had been arrested, and was under custody therefor and when he was clearly entitled to a lawyer's help. This was perhaps the most critical period of the proceedings where the assistance of counsel was vitally important. Massiah v. United States, 84 S.Ct. 1199.

III—Therefore, any incriminating statement or confession contained in the October 8, 1956 statement (Exh. 1 Resp.) was under the Constitution, inadmissible at the trial of petitioner herein. See Escobedo v. Illinois, 84 S.Ct. 1758.

IV—Respondent's claim that petitioner is not entitled to the protection that Massiah and Escobedo, supra, state a criminal defendant is entitled to, because he did not specifically request the assistance of counsel, is an artificial requirement with no constitutional strength whatsoever. The test must be a substantive one; whether or not the point of necessary protection for guidance by counsel has been reached. A defendant, as the petitioner here, who does not realize his rights under the law, and who therefore does not request counsel is the very defendant who most needs counsel. I am unwilling to penalize a defendant, as petitioner here, who, not understanding his legal rights, does not make the formal request and by such failure demonstrates his helplessness. The Supreme Court has not required a request for the invocation of the protective rule. Indeed it has decided that the right to be furnished counsel does not depend on a request. Carnley v. Cochran (1962) 369 U.S. 506, 82 S.Ct. 884, 8 L.Ed. 2d 70. See also: Uveges v. Com. of Pennsylvania, 335 U.S. 437, 441, 69 S.Ct. 184, 93 L.Ed. 127.

The artificial distinction between the post and the pre-indictment confession was struck down in Escobedo and Massiah, supra. Neither right nor reason support the equally untenable artificiality of posing a distinction between the confession of the defendant who specifically requests counsel and the one who submits no such request. "The requirement for the utterance of special words of request for counsel would compel an unreliable and discriminatory formalism." People v. Dorado, Calif.Sup.Ct., 40 Cal. Rptr. 264, 394 P.2d 952.

Sec. 44 of the Code of Criminal Procedure of the Commonwealth of Puerto Rico, (34 L.P.R.A. § 74), as in force at the time of the Criminal Proceedings under consideration herein was derived from Sec. 825 of the California Penal Code.

V—In view of the denial to the petitioner herein of his constitutional right to have the assistance of counsel at the time that the October 8, 1956 statement was being elicited from him, any confession or admission of guilt contained in said statement (Exh. 1 Resp.) must be held involuntary and inadmissible in evidence at his trial.

VI—Moreover the procedure adopted by the trial judge of leaving to the jury the determination of voluntariness or involuntariness of said alleged confession was unconstitutional and deprived the herein petitioner, as defendant in said criminal proceedings, of due process of law. Jackson v. Denno, 84 S.Ct. 1774.

VII—The judgment and sentence of September 16, 1957 imposed upon the herein petitioner in Criminal Case No. G 57-1 by the Superior Court of Puerto Rico, Aguadilla Part, and his conviction for the alleged crime of murder in the first degree, are unlawful, unconstitutional, and void, and must be vacated and set aside; the petitioner must be submitted to a new trial within a period of sixty days from the date of notice of the Judgment to be entered herein; he is in the meanwhile entitled to be released from imprisonment on a bail bond in the amount of $5,000.00; and in the event that petitioner is not brought to a new trial within the period above stated, he shall be discharged without day.

Judgment shall be accordingly entered.