Gerardo **DELGADO**, Warden, Respondent, Appellant,

v.

Narciso **GALARZA CRUZ**, Petitioner, Appellee.

No. 6464.

United States Court of Appeals First Circuit.

Heard Feb. 7, 1966.

Decided July 8, 1966.

Irene Curbelo, Asst. Sol. Gen., Rodolfo Cruz Contreras, Deputy Sol. Gen., with whom J. B. Fernandez Badillo, Sol. Gen., was on brief, for appellant.

Juan R. Torruella del Valle, San Juan, P. R., for appellee.

Before ALDRICH, Chief Judge, McENTEE and COFFIN, Circuit Judges.

ALDRICH, Chief Judge.

This case is before us on an appeal by the respondent warden of the Penitentiary of the Commonwealth of Puerto Rico from a judgment of the United States District Court for Puerto Rico granting a writ of habeas corpus. Cruz v. Delgado, D.P.R., 1964, 233 F.Supp. 944. Petitioner was examined by a local judge in September 1956, pursuant to Puerto Rico practice, regarding an attempted murder. The judge informed him that he was free not to talk, and that what he said could be used against him. However, the judge did not inform him of his right to counsel. Petitioner did talk, but only to deny responsibility. The next day he was arrested and charged

with the crime. At a subsequent examination before the same judge, after the same preliminaries, he confessed. Later the victim died and petitioner was charged with murder. His confession was introduced in evidence, with instructions that the jury should not consider it unless it accepted the Commonwealth's evidence that the confession was voluntarily made. Petitioner was found guilty.

In 1964 petitioner filed the present petition, alleging that the confession should not have been considered because at the time it was made he, as was conceded, had not been advised of his right to counsel. After hearing, the district court decided this issue of law in petitioner's favor.[1] The court added, "Moreover the procedure adopted by the trial judge of leaving to the jury the determination of voluntariness or involuntariness of said alleged confession was unconstitutional and deprived the herein petitioner, as defendant in said criminal proceedings, of due process of law. Jackson v. Denno [1964, 378 U.S. 368, 84 S.Ct. 1774, 12 L. Ed.2d 908]." 233 F.Supp., at 948. Because the Commonwealth appealed instead of proceeding to re-try the petitioner, the district court ordered his release.[2]

For the first ground of its decision the court relied upon Escobedo v. State of Illinois, 1964, 378 U.S. 478, 84 S. Ct. 1758, 12 L.Ed.2d 977. It is true that the Puerto Rico procedure did not measure up to the standards recently laid down prospectively in Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L. Ed.2d 694 (6/13/66). However, it was not otherwise defective, assuming the propriety of the jury's finding that the confession was voluntary in the more restricted sense. There was adequate evidence of such voluntariness before the district court, and the court did not find otherwise. *Escobedo* was not applicable,

---

1. The district court did not resolve certain other, collateral, issues of fact in accordance with petitioner's testimony, and we give those matters no further consideration.

2. We must observe we think this a questionable practice after conviction for such

a serious crime, at least in other than the clearest of cases, pending appeal. However, the Commonwealth's redress could have been to move in this court for a stay.

since petitioner had not requested counsel, nor should it have been retrospectively applied in any event. Johnson v. State of New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882. (6/20/66). Accordingly, the decision of the district court on this aspect must be reversed.

It was also improper for the district court to grant the writ on the basis of Jackson v. Denno, supra. In the first place, it does not appear that on this issue petitioner had exhausted his state remedies. Indeed, he did not even allege such error in his petition. Even if these matters could be waived, this is not a case where the deficiency in the petition should be corrected to conform with the proof. There was no affirmative evidence that the trial court had not made its own determination of voluntariness before submitting the issue to the jury. On the contrary, a statement made by petitioner's counsel to the district court seems more to indicate that it did.[3] Even if, arguably, it may not have, neither petitioner nor the court below alerted the respondent to this unpleaded issue. The trial transcript, which would have resolved this matter, was not introduced by either party below. The district court should not, sua sponte, have made the ruling that it did. It may be that the trial court did not make its own preliminary determination,[4] but the burden was on petitioner to allege and prove this, if it were so. On the present record the matter was not open.

These are the only points raised or considered.

Judgment will be entered vacating the judgment of the District Court, and remanding the action with instructions to discharge the writ and remand petitioner to custody.

3. Possibly the court felt that under Jackson v. Denno, supra, it was error to have submitted the question of voluntariness to the jury at all, whether or not the trial court had made its own decision. This could account for its belief that this constitutional issue was adequately before it. However, this would have been an erroneous interpretation of *Jackson.* The court there held that the trial judge

must make a preliminary finding of voluntariness. It did not condemn the Massachusetts "humanitarian" rule, 378 U.S. 368, at 378–379, 84 S.Ct. 1774 n. 8, where, after such a finding, the court also puts the question of voluntariness to the jury.

4. See Jackson v. Denno, supra, 378 U.S. at 416, 84 S.Ct. 1774.