**Arthur A. MEYER, Petitioner,**

v.

**John H. KLINGER, Warden, and State of California, Respondents.**

**No. 65–1015–Y.**

United States District Court
S. D. California,
Central Division.

July 8, 1965.

WESTOVER, District Judge.

Arthur A. Meyer is an inmate of the state penal installation at Los Padres, California, having been sentenced to state prison for violation of § 217 of the California Penal Code (assault with intent to commit murder) and for violation in two counts of § 245 of the California Penal Code (assault with a deadly weapon). Represented at all of the court proceedings by counsel—at preliminary hearing, arraignment, plea, trial, and sentence (but not on subsequent appeal) Arthur A. Meyer entered plea of not guilty, was tried by jury in the Los Angeles County Superior Court, and was found guilty. He was sentenced on February 15, 1963 in Case No. 265436.

He has filed with this United States District Court a petition for writ of habeas corpus. He alleges he has exhausted all state remedies, including request for certiorari in the United States Supreme Court. He reports the results of his efforts as follows:

"Petition's [sic] Denied—All—of—them."

But he then goes on to relate (page 4 of his petition):

"All the State Courts Petitions were in the form of an Application for Habeas Corpus. The United States Supreme Court was for a Writ of Certiorari to the State Supreme Court."

As grounds upon which he bases his contention that he is being held in custody unlawfully, petitioner states:

"I was denied due process and equal protection of the law in that I was denied an Attorney upon arrest. I was denied a Hearing after Conviction in all of the State's Courts."

Relying upon Escobedo v. State of Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977, and upon a comment of the United States Court of Appeals for the Ninth Circuit in Walker v. Fogliani, 343 F.2d 43 (decided March 5, 1965), petitioner states on the first page of his "Open Letter to the Court" attached to the petition:

"The United States Supreme Court never expressed any opinion as to the retroactivity of the case of Escobedo v. State of Illinois, See Exhibit 2. Your petitioner come's [sic] under the 'Escobedo' rule in that he was not informed of his Constitutional rights to an Attorney and of his rights to remain silent."

And, continuing, on the same page petitioner says:

" * * *. The only question here seem't [sic] to be the question of retroactivity."

On June 7, 1965, the Supreme Court of the United States handed down its decision in Linkletter v. Walker, 85 S.Ct. 1731 (October Term, 1964), in which the Court refused to permit retroactive application of the rule of Mapp v. Ohio, 367 U. S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081, decided in 1960, on the subject of illegal search and seizure by state officers.

On page 1737 of 85 S.Ct. of the pamphlet opinion of the Supreme Court in Linkletter v. Walker, supra, Mr. Justice Clark states:

" * * *. It is true that heretofore, without discussion, we have applied new constitutional rules to cases finalized before the promulgation of the rule [footnote 13]. Petitioner contends that our method of resolving those prior cases demonstrates that an absolute rule of retroaction prevails in the area of constitutional adjudication. * * *"

Reviewing (in Linkletter, supra) its former decisions on the subject of retroactive application of constitutional restrictions upon the states, the Supreme Court concluded with the statement:

"All that we decide today is that though the error complained of might be fundamental it is not of the nature requiring us to overturn all final convictions based upon it. After full consideration of all the factors we are not able to say that the Mapp rule requires retrospective application."

Petitioner at bar presents to the court not a question relating to illegal search and seizure as in Mapp but alleges his denial by the state court was the right to counsel at the time of arrest. He says, page 4, item 11(c) of the petition:

"I was denied due process and equal protection of the law in that I was denied an Attorney upon arrest."

Petitioner contends this is a constitutional right protected under the Escobedo rule and guaranteed to all persons who are, or were at any time, under state arrest.

This court knows of no rule of law nor decision of court holding that one constitutional, guaranteed right is paramount to another or should be given preference over another. In fact, Mr. Justice Black, writing the dissenting opinion in Linkletter, supra, expresses this philosophy of nonpreferential treatment in the following statement:

" * * *. I am at a loss to understand why those who suffer from the use of evidence secured by a search and seizure in violation of the Fourth Amendment should be treated differently from those who have been denied other guarantees of the Bill of Rights. * * * "

All guarantees of the Bill of Rights incumbent upon the several states through the Supreme Court's interpretation of the effect of the Fourteenth Amendment should be equally applied. One rule should not affect illegal search and seizure, another rule govern unlawful arrest, and a third apply to denial of counsel, et cetera. The rule established by the Supreme Court should govern each and every and all constitutional guarantees.

Linkletter v. Walker, supra, is the latest expression of the Supreme Court on the subject of retroactive application of a constitutional guarantee. Inasmuch as the Supreme Court holds that unless the "fairness of the trial" is affected the rule as stated in Mapp does not require retrospective application, this court is of the opinion that the rule of Escobedo, supra, does not require retrospective application in the petition at bar.

There is no statement, nor can it be inferred from the petition at bar, that Arthur A. Meyer was not accorded a fair trial; therefore, contrary to his contention, the Escobedo rule should not be applied retrospectively in his case.

It is ordered that the petition for writ of habeas corpus is denied.