STATE EX REL. MELFORD RASMUSSEN v. RALPH H. TAHASH.

141 N. W. (2d) 3.

December 10, 1965—No. 39,847.

540

*Wayne P. Dordell,* for appellant.

*Robert W. Mattson,* Attorney General, and *Gerard W. Snell,* Solicitor General, for respondent, warden of State Prison.

SHERAN, JUSTICE.

Appeal from an order of the district court denying a petition for writ of habeas corpus filed in the District Court of Washington County December 24, 1964.

A ground for habeas corpus now urged is that a statement elicited from defendant by the police during the interrogation which followed his arrest was in violation of his Federal constitutional right to counsel as defined in Escobedo v. Illinois, 378 U. S. 478, 84 S. Ct. 1758, 12 L. ed. (2d) 977, filed June 22, 1964. Defendant also contends that the voluntariness of his confession was not tested and resolved by the trial court as directed upon Federal constitutional grounds in Jackson v. Denno, 378 U. S. 368, 84 S. Ct. 1774, 12 L. ed. (2d) 908, filed June 22, 1964.

These claims were not presented or considered in our review of this case filed April 17, 1964. State v. Rasmussen, 268 Minn. 42, 128 N. W. (2d) 289, certiorari denied, 379 U. S. 916, 85 S. Ct. 267, 13 L. ed. (2d) 187. Our prior determination does not bar consideration of petitioner's present claims under principles of res judicata. Sanders v. United States, 373 U. S. 1, 83 S. Ct. 1068, 10 L. ed. (2d) 148, filed April 29, 1963.

A brief reference to the United States Supreme Court decisions upon which petitioner relies will bring to mind the relevance of these landmark cases.

Escobedo v. Illinois, 378 U. S. 478, 84 S. Ct. 1758, 12 L. ed. (2d) 977, involved a 22-year-old of Mexican extraction who was arrested and

taken to police headquarters for interrogation in connection with a homicide which had occurred about 11 days previously. He had been previously arrested shortly after the shooting but had made no statement, being released on that occasion after his lawyer obtained a writ of habeas corpus from a state court. The defendant made several requests to see his lawyer who, though present in the building, and despite persistent efforts, was refused access to his client. After questioning by the police the defendant made a damaging statement to an assistant state's attorney which was admitted at the trial. Convicted of murder, he appealed to the state supreme court which affirmed the conviction. Upon certiorari to the United States Supreme Court, it was held that the receipt in evidence of the statement resulted in a deprivation of Federally protected constitutional rights. The majority opinion concludes with this sentence (378 U. S. 492, 84 S. Ct. 1766, 12 L. ed. [2d] 987):

"* * * We hold only that when the process shifts from investigatory to accusatory—when its focus is on the accused and its purpose is to elicit a confession—our adversary system begins to operate, and, under the circumstances here, the accused must be permitted to consult with his lawyer."

Jackson v. Denno, 378 U. S. 368, 84 S. Ct. 1774, 12 L. ed. (2d) 908, involves an examination of the procedure by which the voluntariness of a confession is tested in state criminal proceedings. The holding of the case is that any procedure whereby a confession is submitted to the jury as evidence without a prior determination by the trial judge based upon a fact hearing that the confession was voluntarily given fails to meet the minimal requirements of due process guaranteed by the Fourteenth Amendment to the Federal Constitution.

The contentions of appellant serve to raise the following questions:

(I) Is the rule of Escobedo v. Illinois, *supra,* to be applied retroactively and with respect to convictions in the courts of this state that were final before June 22, 1964?

(II) Should the rule of the Escobedo case be applied only in cases where the record discloses affirmative conduct on the part of law enforce-

ment officials as the result of which a defendant's right to counsel is frustrated?

(III) Is the rule of Jackson v. Denno, *supra,* to be applied retroactively in reviewing convictions that were final before that date?

(IV) Will application for postconviction relief based on the claim that a confession was improperly received in evidence in violation of Federal constitutional rights defined in Escobedo v. Illinois, *supra,* and Jackson v. Denno, *supra,* be granted when the record of the trial proceedings fails to show a demand that this procedure be followed?

# I

## *Retroactivity of Escobedo*

We cannot tell from reading the Escobedo case whether the United States Supreme Court intended the application of it to be prospective only. Retroactive application has been denied in California,[1] New Jersey,[2] New York,[3] Ohio,[4] Pennsylvania,[5] and a Federal district court in California.[6] Retroactive application has been accorded by Federal district courts in Nebraska,[7] Puerto Rico,[8] Pennsylvania,[9] and by the Court of Appeals for the Third[10] and Ninth[11] Circuits.

Our court decided in State v. Richter, 270 Minn. 307, 133 N. W. (2d)

---

[1] See, In re Lopez (1965) 62 Cal. (2d) 368, 42 Cal. Rptr. 188, 398 P. (2d) 380.

[2] See, State v. Johnson (1965) 43 N. J. 572, 206 A. (2d) 737, certiorari granted, 382 U. S. 925, 86 S. Ct. 318, 15 L. ed. (2d) 339.

[3] See, People v. Hovnanian (1964) 22 App. Div. (2d) 686, 253 N. Y. S. (2d) 241.

[4] See, Carter v. Koloski (1965) 3 Ohio App. (2d) 86, 209 N. E. (2d) 456.

[5] See, Commonwealth v. Negri (1965) 419 Pa. 117, 213 A. (2d) 670.

[6] See, Meyer v. Klinger (1965) (S. D. Cal.) 243 F. Supp. 788.

[7] See, Fugate v. Ellenson (1964) (D. Neb.) 237 F. Supp. 44.

[8] See, Galarza Cruz v. Delgado (1964) (D. Puerto Rico) 233 F. Supp. 944.

[9] See, United States ex rel. Rivers v. Myers (1965) (E. D. Pa.) 240 F. Supp. 39.

[10] See, United States ex rel. Russo v. State (3 Cir.) 351 F. (2d) 429.

[11] See, United States ex rel. Walker v. Fogliani (9 Cir.) 343 F. (2d) 43, and Wright v. Dickson (9 Cir.) 336 F. (2d) 878.

537, that Mapp v. Ohio, 367 U. S. 643, 81 S. Ct. 1684, 6 L. ed. (2d) 1081, 84 A. L. R. (2d) 933, which bars use of illegally seized evidence in state criminal proceedings upon Federal constitutional grounds, should be applied prospectively only. But we have not had occasion to consider the arguments for and against retroactivity with respect to decisions of the United States Supreme Court involving the admissibility of confessions.

The Supreme Court of California, in explaining its determination that the rule of the Escobedo case should not be applied retroactively, said in In re Lopez, 62 Cal. (2d) 368, 372, 42 Cal. Rptr. 188, 191, 398 P. (2d) 380, 383:

"We reach this conclusion upon the basis of the three following propositions * * *: First, although the United States Supreme Court in Escobedo, by providing a suspect with an opportunity to obtain the protection of counsel at the accusatory stage, sought to eliminate conditions which invited coerced confessions, the ruling does not require a retroactive application. Second, new interpretations of constitutional rights have been, and should be, applied retroactively only in those situations in which such new rules protect the innocent defendant against the possibility of conviction of a crime he did not commit; the fact that defendant was denied counsel under Escobedo does not affect the issue of guilt. Third, an absolute rule of retroactivity as to interpretations of constitutional rights which envisage the correction of future practices would impair the administration of criminal law and ultimately result in constitutional rigidity."

It distinguished the situations where retroactivity has been accorded by observing (62 Cal. [2d] 376, 42 Cal. Rptr. 194, 398 P. [2d] 386):

"* * * Without counsel, a defendant unskilled in trial technique might not be able properly to establish his innocence at the trial. (Powell v. Alabama (1932) 287 U. S. 45, 68-69 [53 S. Ct. 55, 77 L. Ed. 158, 84 A. L. R. 527]; Gideon v. Wainwright (1963) 372 U. S. 335, 344-345 [83 S. Ct. 792, 9 L. Ed. 2d 799, 93 A. L. R. 2d 733].) Without a transcript a defendant could not obtain an adequate appellate review of alleged errors at the trial which might be prejudicial. (Griffin v. Illinois

(1956) 351 U. S. 12, 16 [76 S. Ct. 585, 100 L. Ed. 891, 55 A. L. R. 2d 1055].) The involuntary confession, always potentially unreliable, could result in the conviction of the guiltless defendant. (In re Harris (1961) 56 Cal. 2d 879, 886 [16 Cal. Rptr. 889, 366 P. 2d 305] (Traynor, J., concurring).) To reject the retroactivity of the above constitutional rights would be to sanction the continued incarceration of a defendant despite errors at the trial which, upon correction, could well establish his innocence."

In contrast, the California court said this of the United States Supreme Court's decision in Escobedo (62 Cal. [2d] 377, 42 Cal. Rptr. 194, 398 P. [2d] 386):

"* * * The court sought to discourage oppressive police practices; it did not seek to undo the procedures of yesterday, which despite their undesirability did not necessarily cause the conviction of the innocent.

"The same considerations which induce the denial of a retrospective application of the rule against the introduction of illegally seized evidence support a similar result here. The chief purpose of the rule in Mapp v. Ohio (1961) 367 U. S. 643 [81 S. Ct. 1684, 6 L. Ed. 2d 1081, 84 A. L. R. 2d 933], was to preclude police conduct which ignored 'the right to privacy embodied in the Fourth Amendment' and to make certain that 'the right to be secure against rude invasions of privacy by state officers * * * no longer * * * remain[ed] an empty promise.' (Id. at p. 660.)"

The decision of the California Supreme Court in Lopez was decided January 29, 1965. Since then the United States Supreme Court has decided in Linkletter v. Walker, 381 U. S. 618, 85 S. Ct. 1731, 14 L. ed. (2d) 601, that the rule of Mapp v. Ohio, 367 U. S. 643, 81 S. Ct. 1684, 6 L. ed. (2d) 1081, 84 A. L. R. (2d) 933, is not to be applied retroactively. If the analogy between the decision of Escobedo and that of Mapp, as made by the California Supreme Court, is correct, we are justified in anticipating a similar determination with respect to the retroactivity of Escobedo when the United States Supreme Court meets that problem. While we recognize that the analogy between Escobedo and Mapp may not be complete, we think it sufficiently so to make prospec-

tive application only of the Escobedo decision the better course for us to follow unless and until the United States Supreme Court decides otherwise.[12]

## II
### *Escobedo's Application Absent Affirmative Conduct*

It is a significant fact in the Escobedo case that the defendant there was deprived of consultation with his attorney by affirmative conduct on the part of law enforcement officials occurring between the time of his arrest and the time the confession was secured.

Respected courts have held that the application of the rule should not turn on whether the defendant involved requested or retained counsel, emphasizing that such an application may disadvantage the ignorant and uninformed as compared to those alert to their rights. These jurisdictions include California,[13] Oregon,[14] and Rhode Island.[15] And there are decisions of lower Federal courts supporting this approach.[16]

In our judgment the better rule, recognizing that Escobedo represents a departure from or change of previously held conceptions,[17] is to limit Escobedo to fact situations of the kind there presented. There is a reasonable difference in the degree of danger to be apprehended between a situation where police officers deliberately and affirmatively separate a defendant from his lawyer and those where no such misconduct is to be found. The planned, affirmative action is clearly more objection

---

[12] See, United States ex rel. Walden v. Pate (7 Cir.) 350 F. (2d) 240; Carrizosa v. Wilson (N. D. Cal.) 244 F. Supp. 120.

[13] See, People v. Dorado (1965) 40 Cal. Rptr. 264, 394 P. (2d) 952, affirmed on rehearing, 62 Cal. (2d) 338, 42 Cal. Rptr. 169, 398 P. (2d) 361.

[14] See, State v. Neely (1964) 239 Ore. 487, 395 P. (2d) 557, 398 P. (2d) 482; State v. Turner (1965) 241 Ore. 105, 404 P. (2d) 187.

[15] See, State v. Dufour (1965) (R. I.) 206 A. (2d) 82.

[16] See, United States ex rel. Russo v. State (3 Cir.) 351 F. (2d) 429; Galarza Cruz v. Delgado (D. Puerto Rico) 233 F. Supp. 944; United States ex rel. Rivers v. Myers (E. D. Pa.) 240 F. Supp. 39; Wright v. Dickson (9 Cir.) 336 F. (2d) 878; Lee v. United States (5 Cir.) 322 F. (2d) 770; Griffith v. Rhay (9 Cir.) 282 F. (2d) 711.

[17] See, Enker and Elsen, *Counsel for the Suspect,* 49 Minn. L. Rev. 47.

able. Therefore, we join with such jurisdictions as Arizona,[18] Florida,[19] Illinois,[20] Maryland,[21] Nevada,[22] New Jersey,[23] New York,[24] Ohio,[25] Virginia,[26] and Wisconsin[27] in holding that the failure of law enforcement authorities to advise a defendant of his rights to counsel does not in and of itself compel exclusion of a confession obtained from one upon whom the investigative procedures have come to focus.

Although Pennsylvania originally adopted the restricted interpretation of the Escobedo case,[28] it has now reversed itself in Commonwealth v. Negri, 419 Pa. 117, 213 A. (2d) 670, to conform with the broad interpretation adopted by the Court of Appeals in the Third Circuit in United States ex rel. Russo v. State (3 Cir.) 351 F. (2d) 429.

The most recent discussion of the problem appears in two cases emanating from the Court of Appeals of the Second Circuit filed November 22, 1965, entitled United States v. Cone, 354 F. (2d) 119, and United States v. Robinson, 354 F. (2d) 109. A restricted interpretation of the Escobedo decision was adopted by the majority of that court in these cases.

We believe it to be good procedure for the police to advise an arrested

---

[18] See, State v. Miranda, 98 Ariz. 18, 401 P. (2d) 721, certiorari granted, 382 U. S. 925, 86 S. Ct. 320, 15 L. ed. (2d) 338; State v. Shook (1965) 1 Ariz. App. 458, 404 P. (2d) 724.

[19] See, Myrick v. State (1965) (Fla. App.) 177 So. (2d) 845.

[20] See, People v. Hartgraves, 31 Ill. (2d) 375, 202 N. E. (2d) 33.

[21] See, Sturgis v. State, 235 Md. 343, 201 A. (2d) 681.

[22] See, Bean v. State, 81 Nev. 25, 398 P. (2d) 251.

[23] See, State v. Scanlon, 84 N. J. Super. 427, 202 A. (2d) 448; State v. Vigliano, 43 N. J. 44, 202 A. (2d) 657; State v. Smith, 43 N. J. 67, 202 A. (2d) 669; and State v. Ordog, 45 N. J. 347, 212 A. (2d) 370.

[24] People v. Vignera, 15 N. Y. (2d) 970, 259 N. Y. S. (2d) 857, 207 N. E. (2d) 527, certiorari granted, 382 U. S. 925, 86 S. Ct. 320, 15 L. ed. (2d) 339.

[25] See, State v. McLeod, 1 Ohio St. (2d) 60, 203 N. E. (2d) 349.

[26] See, Biddle v. Commonwealth, 206 Va. 14, 141 S. E. (2d) 710.

[27] See, Browne v. State, 24 Wis. (2d) 491, 131 N. W. (2d) 169.

[28] See, Commonwealth ex rel. Storch v. Maroney, 416 Pa. 55, 204 A. (2d) 263; Commonwealth v. Coyle, 415 Pa. 379, 203 A. (2d) 782; and Commonwealth ex rel. Linde v. Maroney, 416 Pa. 331, 206 A. (2d) 288.

person immediately of his right to counsel, his right to remain silent; and that anything he says may be used against him. Unless the United States Supreme Court decides otherwise, the failure to give this advice will not *of itself* make a subsequent confession inadmissible, but the absence of such a warning will continue to be a significant factor in testing whether the confession was given freely by the defendant and may give reason in the context of a particular case for rejecting as nonvoluntary an incriminating statement, oral or written, attributed to the defendant.

## III

### *Retroactivity of Jackson v. Denno*

Although Jackson v. Denno, 378 U. S. 368, 84 S. Ct. 1774, 12 L. ed. (2d) 908, has been accorded retroactive application in New York,[29] we think that this rule is also intended, primarily, to deter objectionable investigative procedures by law enforcement authorities. This becomes clear when we consider that the requirement for a separate determination of voluntariness exists notwithstanding the fact that the confession involved is true. Indeed, the hazard which the rule seeks to eliminate is that a jury permitted to decide both voluntariness and credibility will fail to reject a confession obtained by improper means when persuaded of the truth of it. It is by insisting on prior and separate testing of voluntariness that the Supreme Court makes certain that the methods used to obtain confessions will be carefully scrutinized. If the means used by law enforcement authorities are improper, then the result is to produce admissions which are not the product of the free and informed election to confess. A true but nonvoluntary confession is rejected not because it is unreliable but because it is only by refusing to receive such evidence that the improper practice producing it can be discouraged. Viewed in this light, the object served by Jackson v. Denno, *supra,* is the same as that served by Mapp v. Ohio, *supra.* The purpose of the decisions being the same, we will apply the rule of the Jackson case in the way the United States Supreme Court declared in Linkletter v. Walker,

---

[29] See, People v. Huntley (1965) 15 N. Y. (2d) 72, 255 N. Y. S. (2d) 838, 204 N. E. (2d) 179.

*supra,* that the rule of Mapp v. Ohio, *supra,* should be applied, that is, prospectively only.

## IV
### Necessity of Objection at Trial

From the decisions of the United States Supreme Court and our opinions, the following principles with respect to the necessity of objection at or before trial are controlling:

(1) In the absence of unusual circumstances, the admission of evidence even though prejudicial does not entitle the defendant to a new trial as a matter of right[30] where no proper objection was made at trial, and this is the case even though valid objection to the evidence might have been made upon constitutional grounds.[31]

(2) The improper admission in evidence of a confession over proper objection is never error without prejudice.[32]

(3) Where at trial the attention of the court is directed to a claim of constitutional infringement, technical niceties as to the time and form of objection should be disregarded.[33]

---

[30] See, State v. Rosenswieg, 168 Minn. 459, 210 N. W. 403.

[31] See, State v. Taylor, 270 Minn. 333, 133 N. W. (2d) 828.

[32] See, Jackson v. Denno, 378 U. S. 368, 84 S. Ct. 1774, 12 L. ed. (2d) 908.
A state court finding that the receipt of illegally obtained evidence was error without prejudice was rejected in Fahy v. Connecticut, 375 U. S. 85, 84 S. Ct. 229, 11 L. ed. (2d) 171.

[33] Although the Federal courts have recognized the rights of the states to insist upon timely objection as a condition to the preservation of claims of violation of Federal constitutional rights involving the receipt of evidence in state criminal trials, Federal review of the claim is not declined merely because there was a failure at trial to meet formal requirements. Where the Federal problem is called to the attention of the state trial court so as to permit a ruling on the question without subverting the interests of the state in orderly criminal procedure, the Federal courts will consider the claim of infringement of Federal constitutional rights unless the failure of defendant's counsel to object in the prescribed form was by choice deliberately made for reasons of trial strategy. See, Henry v. Mississippi, 379 U. S. 443, 85 S. Ct. 564, 13 L. ed. (2d) 408. Note Coleman v. Alabama, 377 U. S. 129, 132, 84 S. Ct. 1152, 1153, 12 L. ed. (2d) 190, 192, where an Alabama statute

(4) Upon appeal or in postconviction procedures, a conviction based in whole or in part upon evidence obtained in violation of the Federal constitutional rights of the defendant will be set aside even though no proper objection was made at the time of trial, if to do otherwise, in light of the record considered as a whole, would be to perpetuate a substantial and essential injustice in the sense that as a result an innocent man may have been convicted.[34] In this connection, the rule is the same whether the proceedings be by appeal or by postconviction procedures, subject only to the consideration that in all of these cases the interests of the state in proper law enforcement must be placed in balance with the interests of the individual in preserving his freedom.[35] A new trial in a criminal case will be less detrimental from the standpoint of the public interest in law enforcement and, therefore, more readily granted in close cases where the claims of constitutional infringement are called to the attention of the reviewing courts promptly by appeal so that a second trial, if ordered, can be had before memories fade or witnesses disappear.[36]

## V

### Disposition of Case at Hand

The order of the trial court is affirmed in light of the principles set out in paragraphs I to IV of this opinion for the following reasons:

(1) The conviction of the defendant in this case was final before the decision in Escobedo v. Illinois, 378 U. S. 478, 84 S. Ct. 1758, 12 L. ed. (2d) 977.

---

which provided that the appellate court may, at its discretion, consider "any testimony that was seriously prejudicial to the rights of the appellant,. and may reverse thereon even though no lawful objection or exception was made thereto" was described as "enlightened procedure."

[34] See, White v. Maryland, 373 U. S. 59, 83 S. Ct. 1050, 10 L. ed. (2d) 193.

[35] See, Henry v. Mississippi, *supra*.

[36] In State v. Azzone, 271 Minn. 166, 172, 135 N. W. (2d) 488, 494, we said: "Where claims of constitutional infringement are involved, this court * * * *will disregard time limitations when this can be done without prejudice to the public interest in orderly criminal procedure.*" (Italics supplied.)

(2) The record in this case fails to show any affirmative action on the part of the law enforcement authorities whereby defendant was denied the services of retained counsel.

(3) The conviction in this case was final before the pronouncement of the United States Supreme Court in Jackson v. Denno, 378 U. S. 368, 84 S. Ct. 1774, 12 L. ed. (2d) 908. If there was no separate determination of voluntariness here (and on this point the record is not wholly clear), Jackson v. Denno, *supra,* applied prospectively only cannot be a basis for reversal of the conviction.

(4) There was in this case no adequate objection at the time of trial based upon the Federal constitutional grounds now asserted either to the receipt of the confession or to the procedure by which voluntariness was determined. We do not exercise our discretion to waive the requirement of timely trial objection because the record considered as a whole supports the conviction for the reasons outlined in our prior decision. State v. Rasmussen, 268 Minn. 42, 128 N. W. (2d) 289.

## VI

In the past two years this court has received over 500 applications for the appointment of counsel for the review of criminal convictions. In most instances attorneys have been appointed and proceedings for review inaugurated as required by such decisions as Douglas v. California, 372 U. S. 353, 83 S. Ct. 814, 9 L. ed. (2d) 811; Lane v. Brown, 372 U. S. 477, 83 S. Ct. 768, 9 L. ed. (2d) 892; Draper v. Washington, 372 U. S. 487, 83 S. Ct. 774, 9 L. ed. (2d) 899; and Hardy v. United States, 375 U. S. 277, 84 S. Ct. 424, 11 L. ed. (2d) 331.[37]

A significant number of the cases which have reached this court for review involve the admission of physical evidence obtained as the result of a search of the person and effects of the defendant; the admissibility of confessions or statements in the nature of confessions obtained by law enforcement authorities from persons charged with crime; and the method followed in the determination of the voluntariness of such confessions. It is urgent that procedures be outlined which will facilitate dis-

---

[37] For a discussion of the experience of an adjoining state, see Fairchild, *Post Conviction Rights and Remedies in Wisconsin,* 1965 Wis. L. Rev. 52.

position of these constitutional problems in the district court at the time of trial. The retrial of a criminal case where significant error has occurred serves to correct an injustice in the particular case. But if the processes of the law are to be respected and the public interest in the efficient administration of the criminal law properly served, it is imperative that the cases be tried in a manner conforming to constitutional requirements in the first instance. Refinement of technique is needed so that we can comply with the United States Supreme Court decisions giving greater viability to Federal constitutional rights without disrupting the efficient administration of our court system. With respect to problems of evidence which may arise in connection with searches and seizures and confessions, the procedure to be followed by the trial courts of this state whenever possible should be as follows:

(1) At the time of arraignment when a defendant pleads not guilty, or as soon as possible thereafter, the state will advise the court as to whether its case against the defendant will include evidence obtained as the result of a search and seizure;[38] evidence discovered because of a confession or statements in the nature of a confession obtained from the defendant;[39] or confessions or statements in the nature of confessions.[40]

(2) Upon being so informed, the court will formally advise the attorney for the defendant (or the defendant himself if he refuses legal counsel)[41] that he may, if he chooses, move the court to suppress the evidence so secured or the confession so obtained if his contention is that such evidence was secured or confession obtained in violation of defendant's constitutional rights.

[38] For an illustrative situation, see Mapp v. Ohio, 367 U. S. 643, 81 S. Ct. 1684, 6 L. ed. (2d) 1081, 84 A. L. R. (2d) 933.

[39] For an illustrative situation, see Wong Sun v. United States, 371 U. S. 471, 83 S. Ct. 407, 9 L. ed. (2d) 441.

[40] For an illustrative situation, see Lynumn v. Illinois, 372 U. S. 528, 83 S. Ct. 917, 9 L. ed. (2d) 922, or Haynes v. Washington, 373 U. S. 503, 83 S. Ct. 1336, 10 L. ed. (2d) 513.

[41] For a relevant discussion of the right of an accused to proceed without counsel, see Note, 49 Minn. L. Rev. 1133.

(3) If the defendant elects to contest the admissibility of the evidence upon Federal constitutional grounds, a pretrial fact hearing on the admissibility of the evidence will be held in open court with the defendant present and represented or advised by counsel. Upon the record of the evidence elicited at the time of such hearing, a determination by the trial court as to whether the receipt of the evidence contested will vitiate defendant's constitutional rights will be made.[42] It will be the obligation of the state to proceed first at such a hearing identifying the evidence which will be offered against the defendant and showing that the circumstances under which it was obtained were consistent with constitutional requirements. The defendant in presenting his case in opposition to the claims of admissibility may testify without waiver of his constitutional privilege against self-incrimination.[43] The factors to be considered in

---

[42] The motion to suppress for which provision is made by Minn. St. 626.21 applies only in cases where a person is aggrieved by an unlawful search and seizure, but that statute springs from the same policy considerations with which we are now concerned. In State ex rel. Goodchild v. Burke, 27 Wis. (2d) 244, 262, 133 N. W. (2d) 753, 762, the Wisconsin Supreme Court noted with respect to a trial court determination of the voluntariness of a confession: "In essence this rule is but an extension of the present procedure for establishing the admissibility of evidence challenged by a motion to suppress." On January 7, 1965, the Court of Appeals of New York State adopted a similar procedure to be followed in criminal trials to be held in the future in that state, the opinion People v. Huntley, 15 N. Y. (2d) 72, 78, 204 N. E. (2d) 179, 183, stating: "The prosecutor must, within a reasonable time before trial, notify the defense as to whether any alleged confession or admission will be offered in evidence at the trial. If such notice be given by the People the defense, if it intends to attack the confession or admission as involuntary, must, in turn, notify the prosecutor of a desire by the defense of a preliminary hearing on such issue * * *."

[43] In State ex rel. Goodchild v. Burke, 27 Wis. (2d) 244, 264, 133 N. W. (2d) 753, 763, the Wisconsin Supreme Court said:

"In the interest of better administration of criminal justice we suggest that wherever practicable the prosecutor should within a reasonable time before trial notify the defense as to whether any alleged confession or admission will be offered in evidence at the trial. We also suggest, in cases where such notice is given by the prosecution, that the defense, if it intends to attack the

determining whether a confession is valid are as outlined in State v. Taylor, 270 Minn. 333, 133 N. W. (2d) 828.[44]

(4) If the defendant, having been advised before trial that evidence obtained as the result of search and seizure will be offered against him or having been informed that a confession or statements in the nature of a confession will be offered in evidence at trial, and having been told that he may have a test of the admissibility of this evidence upon constitutional grounds before the trial, fails or refuses to request such a hearing, any objection which he may otherwise make based upon this ground may be deemed waived.[45]

(5) If the state, having been requested to disclose whether evidence obtained as a result of a search and seizure will be offered against defendant at the time of the trial and having been requested to state whether a confession or admissions in the nature of a confession will be a part of its case, fails or refuses to make such disclosure, it may be inferred that any such evidence offered at the time of trial was obtained in violation of the defendant's constitutional rights.

---

confession or admission as involuntary, notify the prosecutor of a desire by the defense for a special determination on such issue.

"At the hearing on the issue, the trial judge sitting alone shall make a determination upon a proper record upon the issue of voluntariness. The state shall have the burden of proving voluntariness beyond a reasonable doubt. At this hearing the defendant may take the stand and testify for the limited purpose of making a record of his version of the facts and circumstances under which the confession was obtained. By so doing, the defendant does not waive his right to decline to take the stand in his own defense on the trial in chief. Neither does he waive any of the other rights stemming from his choice not to testify.

"Following the hearing the trial judge shall make his determination as to the voluntariness of the confession which determination is upon a question of constitutional fact and shall be supported by findings of fact and conclusions of law."

But see, Orfield, *Burden of Proof and Presumptions in Federal Criminal Cases*, 31 U. of Kansas City L. Rev. 30.

[44] For an interesting case involving confessions obtained after protracted detention, see Vorhauer v. State (1965) (Del.) 212 A. (2d) 886.

[45] See, State v. Davidson (1965) 248 La. 161, 177 So. (2d) 273.

The procedure which we have outlined deals only with evidence obtained as the result of a search and seizure and evidence consisting of or produced by confessions on the part of the defendant. However, the steps which have been suggested as a method of dealing with evidence of this type will indicate to counsel and to the trial courts that the pretrial consideration of other evidentiary problems, the resolution of which is needed to assure the integrity of the trial when conducted, will be most useful and that this court encourages the use of such procedures wherever practical.[46]

Affirmed.

---

[46] Note that in State v. Mitchell, 268 Minn. 513, 517, 130 N. W. (2d) 128, 131, we suggested pretrial anticipation of problems which occur when a witness called by the state asserts the privilege against self-incrimination in the presence of the jury. Douglas v. Alabama, 380 U. S. 415, 85 S. Ct. 1074, 13 L. ed. (2d) 934, is illustrative of this problem. See, 49 Minn. L. Rev. 123.