## STATE v. DUANE PAUL COLONGA.

188 N. W. (2d) 925.

July 23, 1971—No. 42868.

*Warren Spannaus,* Attorney General, *Daniel A. Klas,* Corporation Counsel, and *Thomas M. Mooney,* Assistant Corporation Counsel, for appellant.

*R. Donald Kelly* and *Kelly & Finley,* for respondent.

Heard before Nelson, Otis, Peterson, Kelly, and Rolloff, JJ.

Per Curiam.

The municipal court of the city of St. Paul ordered certain oral admissions, made by defendant to a police officer, suppressed because the prosecuting attorney failed to serve the Rasmussen notice upon defendant's lawyer. The state appeals from the suppression order.[1] We re-

---

[1] See, Minn. St. 632.11, subd. 1(3). The state is allowed to appeal this case because defendant was charged under the applicable statutes and not the St. Paul ordinances.

verse with instructions that a Rasmussen hearing be held.

After being charged with violating Minn. St. 169.09, subd. 3, and Minn. St. 1969, § 169.06, subds. 4 and 5, defendant appeared with counsel and pled not guilty and demanded a jury trial. A pretrial conference was held, and the prosecuting attorney informed the court and defendant that admissions that defendant had made to a police officer were going to be used as evidence at the trial. Defendant's attorney was unaware that a Rasmussen notice had been sent. It was determined that the Rasmussen notice had been sent to defendant and not his attorney because only the last name of the attorney was known and there were several attorneys with the same last name.[2] The only inquiry to obtain the full name of defendant's attorney was directed to the clerk of court by the prosecuting attorney's secretary, and the clerk did not know the first name of defendant's attorney. The attorneys with the same last name were not contacted as to whether they were retained by defendant, nor was defendant contacted to find out the full name of his attorney.

The issue on this appeal is whether the trial court erred in suppressing evidence because the prosecuting attorney served a Rasmussen notice on defendant and not his attorney.

In State ex rel. Rasmussen v. Tahash, 272 Minn. 539, 141 N. W. (2d) 3, this court established a procedure whereby at the time of arraignment, or as soon thereafter as possible, the state must inform the court whether its case includes evidence which was obtained as the result of a search and seizure, evidence which was discovered because of a confession or statements in the nature of a confession obtained from the defendant, or confessions or statements in the nature of confessions. The trial court then must inform defendant's counsel and advise him of the right to a pretrial hearing in which motions to suppress can be made.

Although we believe that it is preferable to serve the Rasmussen notice upon defendant's counsel and that the effort to obtain the first name of defendant's attorney could have been more thorough, we do not think it would be unduly prejudicial to defendant to remand this case to municipal court for a Rasmussen hearing. State v. Hall, 286

---

[2] See, Rules of Practice of the Municipal Court of St. Paul, Rule 7, subd. 1. "Within five (5) days (Saturdays, Sundays and Legal Holidays excepted) of a demand for jury trial, the state may serve a written notice upon the defendant or his counsel, asserting that the case against the defendant will include * * * (3) confessions or statements in the nature of confessions made in the presence of law enforcement authorities."

Minn. 424, 176 N. W. (2d) 254. Since the state acted in good faith by serving the Rasmussen notice on defendant according to the rules of practice of the St. Paul municipal court, the state should not be penalized by having the evidence suppressed because it committed a harmless error. A pretrial fact hearing on the admissibility of the admission can be held in municipal court with the defendant present and represented by counsel. Upon the record of the evidence elicited at the time of such hearing, a determination by the trial court will be made as to whether the receipt of the evidence will vitiate defendant's constitutional rights.

Defendant is allowed $250 attorney's fees in this court. Minn. St. 632.13(8).

Reversed and remanded for a Rasmussen hearing.