Vernon Darrel **HANSON**, Appellant,

v.

**WARDEN, MINNESOTA STILLWATER STATE PRISON**, Appellee.

No. 72-1079.

United States Court of Appeals, Eighth Circuit.

Submitted May 12, 1972.

Decided June 14, 1972.

Vernon Darrel Hanson, pro se.

Warren Spannaus, Atty. Gen., Curtis D. Forslund, Sol. Gen., and Richard B. Allyn, Sp. Atty. Gen., St. Paul, Minn., on brief, for appellee.

Before VOGEL, LAY and BRIGHT, Circuit Judges.

LAY, Circuit Judge.

This is an appeal by a state prisoner from a denial of a writ of habeas corpus. Petitioner was convicted of murder in the second degree. He killed his wife by shooting her with a .22 caliber automatic rifle. His conviction was affirmed by the Minnesota Supreme Court. State v. Hanson, 286 Minn. 317, 176 N.W.2d 607 (1970). In his collateral attack petitioner asserts that written statements obtained from him were involuntarily given and that the trial court failed to conform with the procedural requirements of Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964). We affirm the order denying the writ.

The federal district judge found, "that the applicant received a full, fair and adequate hearing in all State Court proceedings; that he was afforded due process of law and that the factual determinations made by the State Courts are fairly supported by the record." Cf. In re Parker, 423 F.2d 1021 (8 Cir. 1970), cert. denied, Parker v. South Dakota, 398 U.S. 966, 90 S.Ct. 2182, 26 L. Ed.2d 551.

The facts are fully disclosed in the state court opinion, 176 N.W.2d at 610–

612. The Minnesota Supreme Court ruled:

"State's exhibit B was a statement given by defendant to police officers at approximately 11 p. m. on October 6, 1964, about 4 hours after defendant was taken into custody and while he was being confined in the Browns Valley jail. Although the evidence offered in support of the voluntariness of this statement fails to show that a Miranda warning was given before the statement was taken, the formalities required by that decision do not apply with respect to trials conducted before its effective date, i. e., June 13, 1966. This being so, the trial judge was entitled to consider the totality of circumstances in making his decision as to the voluntary character of state exhibits A and B. See, State ex rel. Rasmussen v. Tahash, 272 Minn. 539, 141 N.W.2d 3.

. . . . . .

"[S]tate's exhibit B . . . was obtained by the law-enforcement officials from defendant after he was taken into custody and as a result of custodial interrogation. The circumstances relative to the voluntary character of this conversation as set out in the record and disclosed to the trial judge in the hearing conducted in his chambers were more than adequate to support a factfinding of voluntariness." 176 N.W.2d at 615–616.

◼ The sole circumstance on which petitioner premises the involuntariness of his statement is that he was not warned of his right to counsel at the time of his custodial interrogation. The Minnesota Supreme Court recognized that this is not a sufficient ground in itself for an appellate court to exclude a pre-Miranda statement as "involuntary." Petitioner alleges no other facts to develop the "totality of circumstances" supporting a finding of involuntariness. Cf. Davis v. North Carolina, 384 U.S. 737, 86 S.Ct. 1761, 16 L.Ed.2d 895 (1966).

◼ Petitioner claims that the trial court failed to pass on the voluntariness of the statement given and, contrary to the principles of Jackson v. Denno, supra, submitted the issue of voluntariness to the jury. The Minnesota Supreme Court, although with some doubts, found that the trial court did comply with the procedural requirements of Jackson v. Denno. 176 N.W.2d at 617. On the basis of the record presented, we must respectfully disagree.[1] Despite our disagreement, we find that petitioner is not entitled to relief here. Petitioner fails to allege any historical facts which support his claim that his confession was involuntarily given. Showing a procedural default by the state court is not enough. As stated by the Supreme Court in Procunier v. Atchley, 400 U.S. 446, 451, 91 S.Ct. 485, 488, 27 L.Ed.2d 524 (1971):

"[A]n applicant for federal habeas corpus is [not] entitled to a new hearing on the voluntariness issue, in either the federal or state courts, merely because he can point to shortcom-

---

[1]. The state trial judge ruled on the first confession, Exhibit A, by stating:
". . . I'm going to receive it in evidence and then let the jury pass on its voluntary nature before determining the effect of it."
As to the second confession, Exhibit B, the trial judge ruled:
"Well I'll let the exhibit go to the jury. And I'll submit when the time comes the question of the voluntary nature of the exhibit to the jury, for the jury's determination and subsequent action thereon. If they find it's not voluntarily given, I'll charge them that they're not to consider it."

The trial court charged the jury in part:
"If you find from the evidence in this case beyond a reasonable doubt that the admissions or confessions by the defendant, or either of them were voluntary, then you will consider that fact in determining the weight to which it is entitled in your deliberations."
Prior to the Jackson v. Denno decision Minnesota courts did not require a trial court to make a determination of voluntariness before receiving a confession into evidence. State v. Schabert, 218 Minn. 1, 15 N.W.2d 585 (1944).

ings in the procedures used to decide the issue of voluntariness in the state courts. Our decisions make clear that he must also show that his version of events, if true, would require the conclusion that his confession was involuntary." [2]

Judgment affirmed.

---

2. The Court explained its reasoning: "Unless the result of the habeas corpus proceeding turns on disputed issues of historical fact, a rehearing on the issue of the involuntariness of a defendant's incriminating statement would be an exercise in futility, since the applicant for federal habeas would not be entitled to relief even if his allegations of historical fact should be found to be true." 400 U.S., at 452, 91 S.Ct., at 488.