RAY F. VAN STRAATEN v. STATE.

204 N. W. 2d 420.

February 2, 1973—No. 43245.

John Connolly, for appellant.

Warren Spannaus, Attorney General, Curtis D. Forslund, Solicitor General, and Jon K. Murphy, Special Assistant Attorney General, for respondent.

Heard before Knutson, C. J., and Rogosheske, Todd, and MacLaughlin, JJ.

PER CURIAM.

This is an appeal from an order of the district court denying a petition for postconviction relief. Over 7 years ago, petitioner, represented by retained counsel, was convicted by a jury of first-degree murder and sentenced to life imprisonment for causing the death by strangulation of his pregnant girl friend. At the time of the homicide, petitioner was 17 years old and a senior in Faribault High School. In his postconviction petition praying for a new trial, petitioner alleged that he was denied a fair trial by reason of the court's failure, in granting a change of venue, to move the site of the trial to a county with its county seat more than 30 miles from Rice County, the county in which the offense was committed; that his oral and written confessions admitted at trial were involuntary; and that other miscellaneous errors occurred. After a plenary evidentiary hearing, the postconviction court found, based on comprehensive factual findings, that petitioner was afforded a fair trial in Waseca County, the county in which the trial took place, and that the confessions admitted were voluntary.

Prior to his trial, petitioner sought a change of venue "to such County as the Court may determine, the County Seat of which is thirty (30) miles from the City of Faribault." Subsequently, venue was changed to the city of Waseca in Waseca County, approximately 30 miles from Faribault. Our careful review of the record compels the conclusion that

552

petitioner was there afforded a fair and impartial trial. See, State v. Thompson, 273 Minn. 1, 139 N. W. 2d 490, certiorari denied, 385 U. S. 817, 87 S. Ct. 39, 17 L. ed. 2d 56 (1966).

Petitioner's trial, which commenced on March 9, 1964, was begun prior to the decisions rendered by the United States Supreme Court in Escobedo v. Illinois, 378 U. S. 478, 84 S. Ct. 1758, 12 L. ed. 2d 977 (1964), and Miranda v. Arizona, 384 U. S. 436, 86 S. Ct. 1602, 16 L. ed. 2d 694 (1966). Because these two decisions are not to be applied retroactively, the trial court properly determined, out of the hearing of the jury, the admissibility of petitioner's confession by the standard of voluntariness. State v. Schabert, 218 Minn. 1, 15 N. W. 2d 585 (1944). See, also, Jackson v. Denno, 378 U. S. 368, 84 S. Ct. 1774, 12 L. ed. 2d 908 (1964); Johnson v. New Jersey, 384 U. S. 719, 86 S. Ct. 1772, 16 L. ed. 2d 882 (1966); State v. Taylor, 270 Minn. 333, 133 N. W. 2d 828 (1965); State ex rel. Rasmussen v. Tahash, 272 Minn. 539, 141 N. W. 2d 3 (1965). Recognizing the limited scope of our review of the findings of the postconviction court, and upon consideration of the entire record, we are satisfied that the voluntariness of petitioner's confession is amply sustained by the evidence and that his trial was otherwise free of prejudicial error.

Affirmed.