Victor CORALINE, etc.,
Petitioner, Appellant,

v.

STATE of Minnesota, Respondent.

No. C2–84–1921.

Court of Appeals of Minnesota.

March 19, 1985.

C. Paul Jones, State Public Defender, Lawrence Hammerling, Asst. Public Defender, Minneapolis, for appellant.

Hubert H. Humphrey, III, State Atty. Gen., Robert F. Carolan, Dakota Co. Atty., Richard A. Enga, Asst. Co. Atty., Hastings, for respondent.

Considered and decided by POPOVICH, C.J., and SEDGWICK and NIERENGARTEN, JJ., with oral argument waived.

## OPINION

SEDGWICK, Judge.

Appellant Victor Coralin was convicted of criminal sexual conduct in the first degree, Minn.Stat. § 609.342(a) (1980), and criminal sexual conduct in the second degree, Minn.Stat. § 609.343(a) (1980). Following the denial of his post-trial motions, he petitioned for post-conviction relief. The post-conviction court denied his requested relief. We reverse and remand for new trial.

## FACTS

Seven year old A.V. reported to his mother he had been chased from the activities building at their apartment complex by a black man. Investigating police officers spoke with A.V., his mother and the night manager at the activities building office. Appellant, who is black, was also questioned.

The next day A.V. told his mother and an officer that appellant went into the activities building with A.V. where appellant offered to buy him a can of pop. Appellant then got a key to the exercise room and A.V. played on some equipment. A.V. testified he sat on a bench with appellant and appellant then pulled his pants down and pulled A.V.'s pants down and that appellant then put a finger "up my butt." Over defense objection, A.V. identified appellant as the man who took him to the room and inserted his finger.

Appellant was convicted of criminal sexual conduct in the first and second degree. The second count was dismissed. Appellant was sentenced to a stay of imposition, with probation conditions including six

months in jail and 10 years probation. Following the denial of his petition for post-conviction relief, appellant appealed.

## ISSUE

Did the post-conviction court err in not granting appellant a new trial based on improper admission of identification evidence?

## ANALYSIS

Just prior to jury selection, defense counsel was informed that A.V. had been shown a photo lineup by police after the omnibus hearing. Apparently defense counsel understood that an agreement was reached whereby no identification testimony was to be elicited, while the prosecutor understood that the agreement only precluded testimony about the photo lineup, not an in-court identification.

Just prior to A.V.'s in-court identification, the prosecutor offered to adjourn and let defense counsel review the photo lineup. Defense counsel objected and requested a hearing on the photo lineup and/or a mistrial if the in-court identification was permitted. The trial court denied these requests and denied a similar objection and request with regard to the testimony of a *Spreigl* witness who had also viewed a post-omnibus hearing photo lineup. The post-conviction court denied appellant's request for a new trial ruling that the victim knew appellant over a period of time by name and thus the in-court identification violated no constitutional safeguards.

■ It is settled that in Minnesota the pre-trial omnibus hearing is used to test the constitutionality of identification procedures. *State ex rel. Rasmussen v. Tahash,* 272 Minn. 539, 141 N.W.2d 3 (1965); Minn.R.Crim.P. 7.01, 8.03, 11.02. Further, if circumstances prevent a determination at an omnibus hearing before trial, a midtrial hearing out of the jury's presence is held. *State v. Sickels,* 275 N.W.2d 809 (Minn. 1979). In *Sickels,* the Minnesota Supreme Court stated:

> We are troubled by the prosecutor's failure to give proper and timely notice of the identification procedures used.

While we would not hesitate to reverse if the prosecutor's failure to comply with the notice requirement prejudiced defendant in any way, we do not agree with defendant's contention that he was prejudiced. At no time did defendant request a midtrial hearing out of the jury's presence to determine the admissibility of the eyewitness identification evidence before any of this evidence was admitted. The matter could have been handled easily in this way. *See, State v. Kluck,* 299 Minn. 161, 217 N.W.2d 202 (1974). Instead of requesting such a hearing, defendant elicited much of the evidence in open court. Under the circumstances, we hold that the trial court did not err in admitting the evidence.

*Id.* at 814–15.

Here, appellant requested a midtrial hearing. It is true that A.V. testified he had seen appellant three other times. However, he also said that he had never talked to appellant before and did not know appellant's name. Appellant was entitled to have the post-omnibus hearing photo lineup decided by the court to test the identification procedures to insure that the complainant's in-court identification was not tainted. Otherwise the in-court identification should not have been allowed. Appellant was prejudiced because it cannot be determined whether complainant's identification of appellant was independently obtained.

## DECISION

■ Failure of the trial court to hold a midtrial hearing on the identification procedures used was reversible error where the defendant objected to in-court identification and the identification procedures had not been tested by judicial scrutiny. The order of the post-conviction court denying appellant's request for a new trial is reversed and the case is remanded for new trial.

Reversed and remanded for new trial.