*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-0310**

State of Minnesota,
Respondent,

vs.

Baron Montero Jones,
Appellant.

**Filed January 11, 2016
Reversed and remanded
Rodenberg, Judge**

Hennepin County District Court
File No. 27-CR-14-1911

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Michael O. Freeman, Hennepin County Attorney, Lee W. Barry, Assistant County Attorney, Minneapolis, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Suzanne M. Senecal-Hill, Assistant Public Defender, St. Paul, Minnesota (for appellant)

Considered and decided by Hooten, Presiding Judge; Schellhas, Judge; and Rodenberg, Judge.

# UNPUBLISHED OPINION

**RODENBERG**, Judge

On appeal from his convictions of two counts of second-degree assault and possession of a firearm by a prohibited person, appellant Baron Montero Jones argues,

among other things, that the district court erred in not affording appellant a renewed right to counsel after amendment of the complaint to add additional charges, which increased his potential punishment. We reverse and remand, and do not reach appellant's other arguments.

## FACTS

This appeal follows appellant's conviction of multiple offenses arising from his actions in shooting a firearm in a garage on January 18, 2014. Despite there having been three possible assault victims present, the state initially charged appellant with only a single count of second-degree assault in violation of Minn. Stat. § 609.222, subd. 1 (2012), and with being a prohibited person in possession of a firearm in violation of Minn. Stat. § 624.713, subd. 1(2) (2012).

On March 27, 2014, the district court held a pretrial hearing and appointed counsel at appellant's request. On July 30, 2014, appellant fired his public defender, waived his right to counsel, and opted to represent himself. Appellant's decision was seemingly based on his appointed counsel's refusal to advance appellant's preferred arguments concerning his identification as a "sovereign citizen," the Uniform Commercial Code, debtor/creditor law, the assistant county attorney's "title of nobility," and the district court's jurisdiction over him.

A jury trial was held on September 17-25, 2014. At the beginning of trial, the district court granted the state's motion to amend the complaint by adding two additional counts of second-degree assault against the second and third possible victims in the January 18 incident. Appellant was not asked whether he desired counsel after the

amendment or if he preferred to continue to represent himself. The state dismissed one of those added counts the following day.

On the second day of trial, and before a jury was empaneled, the district court dismissed the prospective jury panel because, on the first day, appellant made potentially prejudicial comments and appeared in jail attire. That same day, appellant raised a constitutional challenge to a search, and the district court paused the trial proceedings and held a *Rasmussen* hearing, *State ex rel. Rasmussen v. Tahash*, 272 Minn. 539, 141 N.W.2d 3 (1965), after which, the district court denied appellant's suppression motion.

At the conclusion of the *Rasmussen* hearing, appellant made a request to relinquish self-representation. He told the district court that he realized he could not adequately prepare his case, and thought he would be afforded a fair trial if the court were to reappoint the same assistant public defender who represented him earlier. The district court took appellant's request under advisement during a recess and reviewed relevant caselaw. After the recess, the district court provisionally denied appellant's request, stating: "So since it's impermissible to accomplish delay by reappointing counsel or even considering reappointment of counsel, I'm going to continue going forward while I wait to hear from [the public defender's office]." Just before voir dire commenced that afternoon, the district court stated on the record that it had received the following response from the public defender's office: "Our position is we will not represent a client mid-trial under almost any circumstances." Based on this response, the district court concluded that the public defender's office would not resume representation

3

of appellant, and it denied appellant's renewed request for counsel. Appellant therefore continued to represent himself.

The jury found appellant guilty of all charges. The district court then held a trial pursuant to *Blakely v. Washington*, 542 U.S. 296, 124 S. Ct. 2531, 159 L.Ed.2d 403 (2004), on the sentencing issue, and the jury found that appellant was a danger to public safety. Between the *Blakely* trial and the sentencing hearing, appellant filed a "Peremptory Writ of Mandamus, Writ of Prohibition and Writ of Supersedes Pursuant to Minnesota Statutes §§ 586.04, 480A.06, subd. 5 and by Minnesota Constitution Article VI § 2" in this court, arguing, among other things, that the district court lacked jurisdiction over appellant as a sovereign person. We dismissed appellant's petition.

The district court sentenced appellant to the 84-month statutory maximum prison term on the first assault conviction. It also sentenced appellant to a 71-month prison term on the second assault conviction and a 60-month prison term on the prohibited-person conviction, all to be served concurrently. This appeal followed.

## D E C I S I O N

Appellant argues that the district court erred by allowing the state to amend the complaint without appellant having been advised of his renewed right to counsel, and proceeding to trial on the basis of his earlier request to represent himself. Whether a waiver of a constitutional right is knowing, intelligent, and voluntary depends on the facts and circumstances of the case, including the background, experience, and conduct of the accused. *Johnson v. Zerbst*, 304 U.S. 458, 464, 58 S. Ct. 1019, 1023 (1938); *State v. Worthy*, 583 N.W.2d 270, 275-76 (Minn. 1998). We review a district court's finding that

a defendant has knowingly, intelligently, and voluntarily waived his right to counsel for clear error. *State v. Jones*, 772 N.W.2d 496, 504 (Minn. 2009). "When the facts are undisputed, however, the question of whether a waiver-of-counsel was knowing and intelligent is a constitutional one that is reviewed de novo." *State v. Rhoads*, 813 N.W.2d 880, 885 (Minn. 2012) (citation omitted).

In *Rhoads*, the Minnesota Supreme Court held: "When the State files an amended charge that doubles the maximum possible punishment after a hearing at which the defendant waived his right to counsel, a defendant must renew his waiver of his right to counsel in a manner that demonstrates an understanding of the increased maximum possible punishment." 813 N.W.2d at 882. The supreme court's reasoning relied on the importance of a defendant waiving counsel "with eyes open," including to "the possible punishments." *Id.* at 888 (quoting *State v. Camacho*, 561 N.W.2d 160, 173 (Minn. 1997)). In holding that a renewed waiver was necessary, the supreme court focused on the increased potential punishment resulting from the amendment. *Id.* at 888 ("[W]e conclude that an exception to the general rule [that a renewed waiver is not required] is unwarranted when the amended charge does not increase the possible range of punishment.").

Here, it is undisputed that the district court did not renew appellant's waiver-of-counsel when the state amended the complaint by adding two additional second-degree-assault counts. Therefore, the issue is whether appellant's maximum possible punishment increased under the amended complaint.

The original complaint charged appellant with one count of second-degree assault in violation of Minn. Stat. § 609.222, subd. 1, and being a prohibited person in possession of a firearm in violation of Minn. Stat. § 624.713, subd. 1(2). Under the original complaint, appellant's maximum possible punishment was 15 years in prison. Minn. Stat. § 624.713, subd. 2(b). Any sentence on the second-degree-assault conviction would have presumptively run concurrently with the firearm conviction. *See* Minn. Sent. Guidelines 2.F (2013) (establishing presumptive concurrent sentencing with multiple offenses); *id.* at 6 (listing offenses eligible for permissive consecutive sentencing, which includes second-degree assault, but not prohibited person in possession of a firearm).

The amended complaint added two counts of second-degree assault. Under the Minnesota Sentencing Guidelines, second-degree assault is eligible for permissive consecutive sentencing. Minn. Sent. Guidelines 6. Because the state was pursuing an aggravated sentence using the dangerous-offender statute, appellant's maximum possible punishment for the second-degree-assault convictions was 7 years in prison for each conviction, for a total of 21 years. Under these circumstances, *Rhoads* requires the district court to have again informed appellant of his right to counsel, despite appellant's earlier request to represent himself. The district court's failure to have done so is reversible error under *Rhoads*.

In sum, appellant's statutory maximum possible punishment was 15 years under the original complaint. Under the amended complaint, appellant's statutory maximum possible punishment was 21 years. We interpret *Rhoads* to require the district court to have renewed appellant's waiver of counsel because the amended charge increased his

possible punishment. Despite appellant's rambling approach to self-representation, untethered to any accepted legal arguments, and despite his unfounded insistence that he never consented to a trial, the increased possible punishment occasioned by the state's amendment of the complaint triggered his constitutional right to counsel and to be so advised. Without a renewal of his waiver at the time of the amendment, appellant was unable to make the decision to proceed pro se "with eyes open . . . [to] the possible punishments." *Rhoads*, 813 N.W.2d at 888 (quoting *Camacho*, 561 N.W.2d at 173). We therefore reverse appellant's convictions and remand for a new trial.[1]

**Reversed and remanded.**

---

[1] Because we reverse and remand under *Rhoads*, we do not address the issues raised in appellant's pro se brief.