## STATE v. JERRY DEAN BERGLAND.

187 N. W. (2d) 622.

May 21, 1971—No. 41628.

*C. Paul Jones*, State Public Defender, and *Roberta K. Levy* and *Doris O. Huspeni*, Assistant State Public Defenders, for appellant.

*Warren Spannaus*, Attorney General, *James M. Kelley*, Assistant Attorney General, and *Darrell C. Hill*, Special Assistant Attorney General, for respondent.

Heard before Knutson, C. J., and Murphy, Peterson, Kelly, and Odden, JJ.

DONALD C. ODDEN, JUSTICE.*

Appeal from a judgment of conviction entered upon a jury verdict finding defendant guilty of burglary in violation of Minn. St. 1967, § 609.58, subd. 2(3).

At about 7 p. m. on November 1, 1967, the superintendent of schools of Alden, Minnesota, and two teachers met at the school in preparation for a later conference. They entered the building by unlocking the front door. Upon entering the main office, they heard scuffling noises from an adjacent supply room. They investigated and observed two individuals who immediately took flight down a corridor of the building. The school officials ran after them in hot pursuit. At one of the exits, the school officials observed the two strangers run straight through two glass panes

---

*Acting as Justice of the Supreme Court by appointment pursuant to Minn. Const. art. 6, § 2, and Minn. St. 2.724, subd. 2.

adjacent to the doorway, one exiting through the pane right of the door and the other through the pane on the left. The chase continued outside the building, but both men eluded their pursuers. One of the teachers did observe that one of the men was bleeding from the face. It was later determined that the two burglars had gained entrance by breaking a window in the kitchen, that at least two desk drawers had been pried open, and that two envelopes containing money had been taken therefrom.

The sheriff was called and responded within the hour. Investigation revealed a 1956 Oldsmobile parked near the school. Lying on the front seat of the car and suffering from facial cuts was a young man named Norman Hanson. In addition, the car contained a jacket which had in its pocket money in an envelope that was later identified as having been taken from the school. The investigation also revealed, at a point northwest of the school, certain footprints which the sheriff measured.

At trial, one Walter Anderson testified that defendant and Norman Hanson had been in his store at Freeborn, Minnesota, 2 hours before the apparent burglary and that he had seen the two men drive away in an Oldsmobile having the same description and license number as the vehicle in which Hanson was subsequently discovered by the sheriff.

Another witness, Mr. Sidney Bishop, testified that he lived about a half mile from the school; that defendant had knocked on his door approximately a half hour after the burglary; that defendant was cut on the arm; and had said his name was Munson, he had injured himself in an auto accident on the "Y" in Alden, and he needed a ride to Albert Lea. Defendant's statements to Bishop were false in that he had given a fictitious name; there is no intersection known as the "Y" in Alden; and no accidents were reported to the sheriff's office on the evening of November 1, 1967.

Mr. Barton Epstein, a crime laboratory analyst for the Minnesota Bureau of Criminal Apprehension, testified that glass fragments found at the scene contained blood of the same type as was

found on a shirt worn by defendant at the time of his arrest. He further testified that hairs found on fragments of glass at the scene and hairs from defendant's arm in substance were the same and in all likelihood had a common origin.

The school superintendent and the two teachers who discovered the crime failed to identify defendant positively, and, in fact, gave conflicting testimony as to the two burglars' description and the type of clothing they wore.

Before trial, the state gave defendant notice of its intention to offer as evidence defendant's shirt and the hair removed from his arm. He waived any claim to a hearing as to this evidence. At trial, the state offered evidence, through the sheriff's testimony, that measurements of defendant's shoe closely matched dimensions of a footprint taken from the scene. No notice had been given to defendant with respect to this evidence. On the grounds of lack of proper foundation, the evidence was stricken and the jury was admonished by the court to disregard it.

On appeal, defendant makes three claims: First, due to inconsistencies in testimony and the failure to make positive identification of defendant, the evidence was insufficient to support a verdict of guilty; second, despite a cautionary instruction to the jury to disregard testimony purporting to link defendant's shoes to a footprint found at the scene of the crime, such testimony was so prejudicial that the trial court should have granted a new trial; and third, the state's failure to give pretrial notice pursuant to State ex rel. Rasmussen v. Tahash, 272 Minn. 539, 141 N. W. (2d) 3, that it intended to offer the footprint evidence resulted in prejudice so great that the trial court should have granted a mistrial.

We hold that all three claims are without merit and the trial court must be affirmed.

■ It would be most unusual for the eyewitnesses in this case to make positive identification of the persons involved considering the surprise, excitement, and drama of the moment. Failure to identify a defendant or inconsistency in testimony relating

to his physical appearance or to the type or color of clothing he wore may, in some instances, furnish grounds upon which to attack a jury verdict. However, in this case defendant's argument has conveniently skirted the highly damaging circumstantial evidence which, obviously, the jury relied upon in determining his guilt.

In a burglary prosecution, circumstantial evidence is crucial, and the evidence in this case establishes facts which are clear-cut and strong in their inferences. The chain of circumstantial evidence established that just prior to the burglary defendant was in the company of Norman Hanson, the man discovered bleeding in the auto parked just adjacent to the school. Defendant was observed, 30 minutes after the crime, within a half mile from the scene. He had a bad cut on his arm. The fact that his arm was observed to be cut and bleeding is particularly important in view of the fact that two eyewitnesses observed each burglar run through a plate-glass window to effectuate his escape. Defendant also becomes highly suspect because in his conversation with Mr. Bishop, half an hour after the crime, he gave a false name and residence and explained that his injuries had resulted from a fictitious car accident at a nonexistent location.

In reviewing the sufficiency of circumstantial evidence, this court has repeatedly stated that a conviction may be sustained when all the circumstances are consistent with guilt and, on the whole, inconsistent with any reasonable hypothesis of innocence. State v. Kotka, 277 Minn. 331, 152 N. W. (2d) 445, certiorari denied, 389 U. S. 1056, 88 S. Ct. 806, 19 L. ed. (2d) 853; State v. Doust, 285 Minn. 336, 173 N. W. (2d) 337; State v. Nelson, 285 Minn. 304, 173 N. W. (2d) 349. The responsibility of this court is to determine whether the evidence, direct and circumstantial, viewed most favorably to support a finding of guilty, was sufficient to permit a jury to reach that conclusion. State v. Kline, 266 Minn. 372, 124 N. W. (2d) 416, certiorari denied, 376 U. S. 962, 84 S. Ct. 1124, 11 L. ed. (2d) 980; State v. Ellingson, 283 Minn. 208, 167 N. W. (2d) 55.

Applying these rules to the evidence in this case, we have no difficulty in reaching the conclusion that all of the circumstances in the record are consistent with guilt and, on the whole, inconsistent with any reasonable hypothesis of innocence. We must also conclude that the chain of circumstances established by the record rises to the degree of persuasive force which would satisfy a jury of defendant's guilt beyond a reasonable doubt.

■ The record reveals that testimony comparing dimensions of a footprint found near the scene of the crime with that of a shoe defendant was wearing at the time of arrest was received and heard by the jury. After objection by defendant, the entire line of testimony was stricken for lack of foundation. Further, the trial judge gave a clear and unequivocal cautionary instruction to the jury "to totally disregard such evidence."

Defendant argues that regardless of that cautionary instruction the admission of such evidence in the first instance was so prejudicial as to be reversible error. We disagree. Had the court not ordered such evidence stricken, a contention defendant was prejudiced by its reception might have some persuasive force, for there is some authority suggesting that evidence of footprints is unreliable in the absence of peculiar identifying characteristics. State v. Hall, 286 Minn. 424, 176 N. W. (2d) 254. In this case, however, the evidence was immediately ordered stricken and the jury told to disregard it. As a general rule, any error which may occur by reason of the erroneous admission of evidence is cured when that evidence is stricken from the record and accompanied by a clear instruction to disregard so that the evidence is not put to use by the jury. Wiley v. United States (8 Cir.) 257 F. (2d) 900; State v. Ambuehl, 287 Minn. 46, 176 N. W. (2d) 893. If, however, evidence is of such an exceptionally prejudicial character that its withdrawal from the jury cannot remove the harmful effects caused by its admission, a new trial should be granted. We hold that the evidence here complained of by defendant was not of such prejudicial character as to warrant reversal.

■ Defendant's claim that he is entitled to a new trial because the state did not give notice pursuant to State ex rel. Rasmussen v. Tahash, *supra,* that footprint evidence would be introduced is without merit. In Rasmussen, this court set forth certain procedures for pretrial notice and hearing in cases in which the state intends to introduce evidence the constitutionality of which may be in dispute. The type of evidence for which such notice is required under Rasmussen is limited to evidence which may have been procured as a result of an unconstitutional search and seizure, confessions, and statements in the nature of a confession. With regard to certain other evidentiary matters, this court in Rasmussen went on to say that pretrial procedures, while not required, may be useful, stating (272 Minn. 556, 141 N. W. [2d] 14):

"The procedure which we have outlined deals only with evidence obtained as the result of a search and seizure and evidence consisting of or produced by confessions on the part of the defendant. However, the steps which have been suggested as a method of dealing with evidence of this type will indicate to counsel and to the trial courts that the pretrial consideration of other evidentiary problems, the resolution of which is needed to assure the integrity of the trial when conducted, will be most useful and that this court encourages the use of such procedures wherever practical."

In the instant case, the testimony relating to the footprint was excluded as inadmissible, not because it had been unconstitutionally obtained, but simply because there was no proper foundation laid. No physical evidence, such as the defendant's shoes or a plaster cast of the footprint, was offered. The distinction, for purposes of Rasmussen requirements, between evidence which may have been unconstitutionally obtained and evidence which may be inadmissible for lack of foundation or probative value is shown in this court's opinion in State v. Hall, *supra.* In that case, the defendant's shoes had been taken from him and the shoes themselves introduced into evidence by the prosecution.

In light of several other evidentiary infirmities present in that case, this court reversed and remanded for a Rasmussen hearing and a new trial. But with respect to the footprint evidence, this court said (286 Minn. 433, 176 N. W. [2d] 260):

"* * * Assuming the district court finds that defendant's shoes were not taken in violation of any of his constitutional rights, the shoes, the photographs of the print found on the paint can, the impressions of defendant's right shoe, and the expert's opinion that defendant's right shoe made the print found on the paint can are admissible."

We conclude, therefore, that it is apparent that the testimony relating to the footprint was not subject to a mandatory Rasmussen hearing. Even though the testimony was inadmissible, its inadmissibility rested on evidentiary, not constitutional, grounds. Accordingly, the failure to comply with the notice requirements was not reversible error.

Affirmed.