STATE v. WILLIAM VAN KEMPEN.

250 N. W. 2d 184.

January 14, 1977—No. 45821.

*C. Paul Jones,* State Public Defender, and *David Gross,* Assistant State Public Defender, for appellant.

*Warren Spannaus,* Attorney General, *Richard G. Mark,* Assistant Attorney General, *Edward M. Laine,* Special Assistant Attorney General, and *Terrence P. Collins,* County Attorney, for respondent.

Considered and decided by the court without oral argument.

PER CURIAM.

Defendant was found guilty of a charge of second-degree manslaughter, Minn. St. 609.205(1), by a district court jury and was sentenced by the trial court to a maximum indeterminate term of 7 years in prison. Issues raised by defendant on this combined appeal from judgment and from an order denying postconviction relief are (1) whether there was as a matter of law insufficient evidence to convict, (2) whether the court erred in denying a change of venue, (3) whether the trial court erred in refusing to disqualify a juror, (4) whether a Spreigl notice was required before the prosecution could show that prior to the shooting defendant had bought intoxicating drinks for the victim, a minor, and (5) whether defendant was prejudiced by the elicitation of certain hearsay evidence. We affirm.

Minn. St. 609.205(1) provides that one is guilty of second-degree manslaughter if he causes the death of another person "by his culpable negligence whereby he creates an unreasonable risk, and consciously takes chances of causing death or great bodily harm to another." Without detailing the evidence, we believe that the evidence was such that the jury could have believed everything defendant said, something it was not obligated to do, and still have found defendant guilty of this offense.

Defendant has not demonstrated that the trial court abused its discretion in denying the motion for a change of venue or that the court erred in refusing to disqualify one of the jurors. Defendant did not object to the evidence about his having bought drinks for the victim and, in any event, the evidence was admissible under the "immediate episode" exception to the Spreigl rule. See, State v. Spreigl, 272 Minn. 488, 497, 139 N. W. 2d 167, 173 (1965). The trial court struck the inadmissible hearsay evidence from the record and ordered the jury to disregard it, and under the circumstances of this case that was sufficient to cure the error. See, State v. Bergland, 290 Minn. 249, 187 N. W. 2d 622 (1972).

Affirmed.