## STATE v. MELFORD ELTEN RASMUSSEN.

128 N. W. (2d) 289.

April 17, 1964—No. 38,297.

---

[2]Webster's Third New International Dictionary (1961) p. 2538, defines a vehicle as "a carrier of goods or passengers."

*Dorfman, Rudquist, Jones & Ramstead* and *Howard S. Marker,* for appellant.

*Walter F. Mondale,* Attorney General, *George M. Scott* County Attorney, and *Philip J. Bloedel,* Assistant County Attorney, for respondent.

THOMAS GALLAGHER, JUSTICE.

On May 13, 1960, defendant, Melford Elten Rasmussen, was charged by information of the county attorney of Hennepin County with having committed the crime of indecent assault upon the person of his 7-year-old daughter on May 12, 1960, contrary to Minn. St. 617.08. On May 16, 1960, he was arraigned on and entered a plea of not guilty to such information. At his arraignment, he was found to be indigent and the assistant public defender of Hennepin County was appointed by the court to defend him. On May 24, 1960, his trial was commenced and concluded, the jury returning a verdict of "guilty as charged in the information."

In this appeal he seeks reversal of this conviction and a new trial on the ground that (1) he was deprived of a fair trial when the court interrogated him in the presence of the jury with respect to an admission made by him in a written statement given to the police shortly after his arrest to the effect that about 2 years before in Dallas, Texas, where he previously resided, he had been involved in a similar incident with the same child; and (2) the court erred in instructing the jury that—

". . "* * * if you believe from the evidence that the confession or admission testified to by the State's witnesses * * * made by defendant were so made, they were spontaneous and voluntary acts of the defendant, were not made because of any fear or reward, and if you further believe that such confession has been corroborated by proof of such as required in the section of the statute that I have just read, then such confession and admission shall carry great weight in your minds."

The written statement in which defendant's admissions were made and with reference to which the court had questioned him had been received in evidence and was to go to the jury for consideration in determining defendant's guilt or innocence. He had been interrogated by the prosecuting attorney with respect to other admissions in this statement. In so far as these admissions related to his guilt of the crime charged in the information, he testified that they were not true and had been made when he was "woozy" or "kind of numb" because of intoxication and that they had been made because "I didn't * * * feel nothing too much and didn't care much neither." In his examination at the trial he had not been questioned concerning his admissions as to the previous incident in Dallas and had neither denied nor admitted that they had been made by him. To clarify the record with respect thereto, the court then asked him the following questions and received the following answers:

"Q There is a statement that you had done something like this before in Dallas, Texas. Did you give that answer?
"A Yes, I did, sir.
"Q You told them that, did you?
"A Yes.
"Q You told the officers that, did you?
"A Yes."

■ We do not feel that the court's interrogation of defendant with reference to certain admissions in his confession as above described had the effect of prejudicing the jurors against him to any greater extent than would their reading of the same admissions in the written confession which had been previously received in evidence and

which would be taken with them to the jury room. It did not indicate any bias or prejudice on the part of the court and certainly did not constitute any attempt to impress upon the jurors the court's viewpoint as to defendant's guilt or innocence. It may be that since defendant had denied the truth of the other admissions in the written statement the court felt that he would likewise deny those having reference to the incident in Dallas; and if so that this should be brought to the jury's attention. It thus gave defendant the opportunity to deny them, knowing that otherwise the jury would have the right to believe that they were true. While we do not favor the interrogation of a defendant by the court in a criminal case, where, as here, such interrogation is intended merely to clarify the record, we cannot hold that it constitutes reversible error. State v. Hansen, 153 Minn. 339, 190 N. W. 481; Annotation, 84 A. L. R. 1172.

In cases cited by defendant in support of his contention the situations are quite distinguishable. In all of them the interrogations involved clearly manifested the court's feeling of bias or prejudice. Thus, in State v. Sandquist, 146 Minn. 322, 178 N. W. 883, where defendant's conviction was reversed, the court had clearly manifested its disbelief in the credibility of a witness and had left the bench to testify on a minor phase of the case.

In State v. Mancino, 257 Minn. 580, 591, 102 N. W. (2d) 504, 512, defendant's conviction was reversed because of a statement made by the court to defendant's counsel in the presence of the jury which in effect "amounted to a definite statement by the court of its conviction that defendant was guilty of participating in the theft."

In State v. Shetsky, 229 Minn. 566, 569, 40 N. W. (2d) 337 339, it was held that the court's statement to the jury that "*I just simply don't intend to take this sitting down, I will tell you * * * and I want you to cooperate with me and help me out on this thing to see it through and see that law and order is going to be victorious in this contest*," and other like comments were such that (229 Minn. 575, 40 N. W. [2d] 342)—

"No intelligent juryman could misunderstand this language, delivered as it was in an atmosphere of judicial indignation, as other than

a demand that the jury bring in a verdict of guilty in order that 'law and order' should 'be victorious in this contest.' "

Clearly, these decisions would not support a holding that here the interrogation of defendant as above described constituted reversible error.

■ We are of the opinion that the court's instruction above quoted and here challenged did not mislead the jury as to its functions with respect to defendant's confession. This instruction was given immediately after the court had read to the jury Minn. St. 634.03[1] which governs the admissibility of confessions of this nature and which provides that such a confession is not sufficient to warrant conviction without other evidence that the offense charged has been committed; and that such a confession is not admissible when made under the influence of fear produced by threats.

Under this statute we have held that, unless the evidence is conclusive that a confession is involuntary, it is for the jury to determine whether it was voluntarily made or was induced by threats or promises of rewards; that if the jury finds that it was voluntarily made it may consider it; but that where it finds that it was not so made it must wholly disregard it. State v. Schabert, 218 Minn. 1, 15 N. W. (2d) 585; see, State v. Arradondo, 260 Minn. 512, 110 N. W. (2d) 469; State v. Gensmer, 235 Minn. 72, 51 N. W. (2d) 680. Here, in addition to the instruction quoted, the court further charged the jury:

"* * * If you find that this confession * * * was involuntary, you should *wholly disregard it,* or you should disregard it and find the defendant did not know he was signing a confession." (Italics supplied.)

It also instructed it that—

"* * * You are not to take any comment or any ruling or any expression that the Court has made throughout this trial as indicating

---

[1]Minn. St. 634.03 provides: "A confession of the defendant shall not be sufficient to warrant his conviction without evidence that the offense charged has been committed; nor can it be given in evidence against him whether made in the course of judicial proceedings or to a private person, when made under the influence of fear produced by threats."

any view that the Court has, or which you are expected to adopt concerning the facts. * * *

"You are the sole and exclusive judges of the credibility of all the witnesses, * * *. The fact in this case is what happeaned, how did it happen, what witnesses were truthful and what ones were not and what will be the ultimate guilt or innocence of the defendant. These are all questions of fact for the jury. They are your sole responsibility, and with them the Court has no more to do than you have to do with the law, and that means just nothing at all."

In view of all these circumstances, the statement that defendant's confession, if voluntary, "shall carry great weight in your minds" could not have misled the jury with respect to its functions and obligations in determining the issues. If it believed the confession were true, certainly it was entitled to great weight, for it would be conclusive as to defendant's guilt. Conversely, if it were found to be involuntary, as the court charged, the jury was to "wholly disregard" it, or in other words, give it no weight whatever. The court dwelt at length on the rules which were to govern the jury in its determination of the credibility of witnesses and with respect to the effect of intoxication in determining whether defendant was guilty or otherwise. In this situation we cannot hold that the instruction challenged constituted reversible error, particularly where the verdict appears supported by substantial evidence, State v. Billington, 241 Minn. 418, 63 N. W. (2d) 387; State v. Guy, 259 Minn. 67, 105 N. W. (2d) 892; and where no request was made to modify or correct it before the case went to the jury. State v. Billington, 241 Minn. 418, 63 N. W. (2d) 387; State v. Shtemme, 133 Minn. 184, 158 N. W. 48; 5 Dunnell, Dig. (3 ed.) § 2479a.

Affirmed.