STATE of Minnesota, Respondent,

v.

Kenneth D. CHRISTENSON, Appellant.

No. C0-84-1979.

Court of Appeals of Minnesota.

July 16, 1985.

Hubert H. Humphrey, III, Atty. Gen., Janet A. Newberg, Sp. Asst. Atty. Gen., St. Paul, Pete Kasal, McLeod County Atty., Glencoe, for respondent.

C. Paul Jones, Minn. State Public Defender, Minneapolis, for appellant.

Considered and decided by POPOVICH, C.J., and PARKER and CRIPPEN, JJ., with oral argument waived.

## OPINION

PARKER, Judge.

Appellant Kenneth Christenson appeals his conviction of burglary in the third degree in violation of Minn.Stat. § 609.582, subd. 3 (1984). He challenges the sufficiency of the evidence, the admission evi-

dence, and the propriety of certain comments by the trial court during trial. We affirm.

## FACTS

Christenson and a friend, both of Minneapolis, visited Mary Columbus in Glencoe, Minnesota. They stayed at the trailer home of Barbara Wildey, Columbus' mother, which was about four doors from Columbus' trailer home. On January 3, 1984, about one or two days after they arrived, Christenson and Columbus went out drinking. According to Columbus, they were both intoxicated. On the return trip to Glencoe Columbus' car broke down, and a state trooper stopped to assist. The trooper discovered that the car had expired license tabs so he decided to issue a citation and transport Christenson and Columbus to the Glencoe police station. At the police station, at Columbus' request, Christenson was given the citation, and Columbus paid the $11 ticket. Christenson placed a paper bag he had removed from Columbus' car on the counter. When they had completed the paperwork and were leaving, Christenson lifted the bag, ripping it and spilling out some red plastic bingo chips. When the police officer asked if Christenson wanted the chips, he replied that the officer could keep them. Christenson and Columbus were then given a ride home by the police around 11:30 p.m.

Sometime between 11:15 p.m. and 6:45 a.m. that night the Park 'n Shop convenience store was burglarized. The store was located about 200 feet from the trailer court. Broken glass was noticed, and about 50 to 60 cartons of cigarettes and cigarette packages were missing. Two red bingo chips were found at the scene. These chips matched the chips which Christenson had left on the counter the previous night. When Christenson was arrested, he told officers that bingo chips had fallen out of his bag at the police station the night of January 3, 1984, and that he usually carried bingo chips with him. Police searched Mary Columbus' trailer on January 5, 1984, pursuant to a search warrant and recovered cartons and packages of cigarettes, later identified as the ones taken from the Park 'n Shop. Columbus was arrested and charged with possession of stolen property; charges were dismissed when the State refused to disclose the identity of a confidential informant used in the search warrant application.

After Christenson's arrest, his shoes were seized, and broken glass from the Park 'n Shop was sent to the BCA for analysis. The BCA analyst testified that some glass particles were found in Christenson's shoes. These were compared with the glass found at the scene, and the analyst concluded that the glass from Christenson's shoes could have come from the same source as the glass found at the scene.

Barbara Wildey's 18-year-old daughter Kay testified that she overheard her mother and Columbus expressing anger at Christenson for bringing the cigarettes into the house.

Christenson was convicted of burglary in the third degree and was sentenced to 41 months imprisonment.

## ISSUES

1. Was the evidence sufficient to sustain appellant's conviction?

2. Did the trial court err in admitting into evidence bingo chips and appellant's statements about the chips?

3. Did the trial court err in commenting on the dismissal of charges against Columbus?

4. Did appellant have standing to object to the search of Columbus' trailer home?

## DISCUSSION

### I

From our review of the record, the evidence was sufficient to sustain Christenson's conviction for burglary in the third degree.

## II

■ Christenson challenges the admission into evidence of the bingo chips and his statements about the chips to police officers. Christenson argues that he was illegally arrested when taken to the police station for expired license tabs and that the chips were illegally seized.

We need not address whether Christenson was illegally arrested because it is clear that the chips were lawfully admissible. The chips were not the product of any improper exploitation following the arrest for expired license tabs. *See Wong Sun v. United States,* 371 U.S. 471, 488, 83 S.Ct. 407, 417, 9 L.Ed.2d 441 (1963). At the time the chips came into possession of police, the crime had not yet been committed. The chips were not the product of a "search." The chips were voluntarily given to the police because when asked if he wanted the chips back, Christenson replied, "no, you can keep them." *See State v. Hanson,* 286 Minn. 317, 176 N.W.2d 607 (1970).

Christenson claims that statements he made to police about the chips were suppressed by the trial court but improperly admitted at trial. There was no such suppression order. The trial court, by omnibus hearing order and by oral order immediately prior to trial, ruled the chips admissible.

## III

■ Christenson claims the trial court erred in commenting on the dismissal of charges against co-defendant Mary Columbus. On direct examination the State asked police officer Larry Aldape whether Mary Columbus had been arrested for the Park 'n Shop burglary. On cross-examination defense counsel inquired whether Columbus was taken into custody, whether she was charged, whether charges were dismissed, and whether anything was pending against her. At the conclusion of Aldape's testimony the trial court commented to the jury:

> Before the state calls its next witness, there has been some information furnished the jury regarding Mary Colum-

bus having been charged with the commission of this crime and that matter had been dismissed. You, the members of the jury, should understand that the defendant Mary Columbus was a defendant charged with the same crime, and that at a pretrial hearing where she was represented by an attorney there was a demand made that certain evidence be disclosed, and one of the demands was that the alleged confidential informant be disclosed, and the court ordered the state either to disclose the confidential informant or the court would dismiss the charges against Mary Columbus. So the charges against her were dismissed by the court.

This remark was a comment on the evidence, and as a general rule, judges "should refrain from any word which might emphasize the personal feeling of the court." *State v. Mancino,* 257 Minn. 580, 591, 102 N.W.2d 504, 511 (1960). A trial judge must avoid remarks which manifest the trial court's feeling of bias or prejudice or which are an attempt to impress upon the jurors the trial court's viewpoint as to the defendant's guilt or innocence. *State v. Shetsky,* 229 Minn. 566, 40 N.W.2d 337 (1949); *see State v. Rasmussen,* 268 Minn. 42, 45, 128 N.W.2d 289, 291 (1964), *cert. denied,* 379 U.S. 916, 85 S.Ct. 267, 13 L.Ed.2d 187 (1964). Construing the court's remarks as a whole, it is difficult to see how Christenson was prejudiced. Under the circumstances we do not believe the trial court's comments constituted reversible error.

## IV

■ Christenson presented no evidence at the omnibus hearing that he had standing to object to the search of Columbus' trailer. Christenson was a Minneapolis resident and had stayed in Glencoe for only one or two days before the burglary and had stayed at Barbara Wildey's home, not Columbus' home. As such, he had no legitimate expectation of privacy in Columbus' home. *Rakas v. Illinois,* 439 U.S. 128, 134, 99 S.Ct. 421, 425, 58 L.Ed.2d

387 (1978); *Katz v. United States,* 389 U.S. 347, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967).

Christenson argues that he presented no evidence at the omnibus hearing for fear of abridging his fifth amendment privilege in that the State might then use his omnibus hearing testimony against him at trial. This argument is without merit. Testimony given by a defendant in support of a motion to suppress cannot be admitted as evidence of guilt at trial and can be used only for impeachment purposes, if at all. *Simmons v. United States,* 390 U.S. 377, 389, 88 S.Ct. 967, 973, 19 L.Ed.2d 1247 (1968); *see United States v. Salvucci,* 448 U.S. 83, 94 n. 9, 100 S.Ct. 2547, 2554 n. 9, 65 L.Ed.2d 619 (1980); *U.S. v. Kahan,* 415 U.S. 239, 243, 94 S.Ct. 1179, 1181, 39 L.Ed.2d 297 (1974). Christenson's related argument that the "automatic standing" rule of *Jones v. United States,* 362 U.S. 257, 80 S.Ct. 725, 4 L.Ed.2d 697 (1960), should apply is without merit because *Jones* applied only to defendants charged with possessory offenses; Christenson was charged with third-degree burglary, and *Jones* was overruled in *United States v. Salvucci.*

### DECISION

The evidence was sufficient to convict appellant of burglary in the third degree. The trial court properly admitted into evidence bingo chips and appellant's statements to police about the chips. Appellant was not prejudiced by the trial court's comment on the dismissal of charges against a co-defendant. Appellant lacked standing to object to a search of co-defendant's home.

Affirmed.