James LUOMA, Petitioner, Appellant,

v.

CITY OF MINNEAPOLIS, Respondent.

No. C9–86–673.

Court of Appeals of Minnesota.

Jan. 6, 1987.

Review Denied Feb. 18, 1987.

Donald H. Nichols, Minneapolis, for appellant.

Robert Alfton, Minneapolis City Atty., Minneapolis, for respondent.

Heard, considered and decided by HUSPENI, P.J., and SEDGWICK and LANSING, JJ.

## OPINION

SEDGWICK, Judge.

Appellant James Luoma was convicted of D.W.I., Minn.Stat. § 169.121, subd. 1(a) (1984), and claims the trial court did not allow defense counsel to impeach the Intoxilyzer test results, the prosecutor committed misconduct in closing argument and that the trial court made prejudicial remarks and rulings during trial. We affirm.

## FACTS

Appellant was stopped for speeding in Minneapolis and was subsequently arrested for driving under the influence. Appellant consented to an Intoxilyzer test which resulted in a reading of .12 alcohol concentration. Appellant was charged with speeding, expired driver's license, driving under the influence, driving with an alcohol concentration of .10 or more and driving with an alcohol concentration of .10 or more within two hours of driving. The jury returned a verdict of guilty on all charges.

The City of Minneapolis lost the file and did not file a brief in this matter. We proceeded under Minn.R.Civ.App.P. 142.03.

## ISSUES

1. Did the trial court infringe on appellant's right to impeach the Intoxilyzer results?

2. Did the prosecutor commit misconduct in closing argument?

3. Did the trial court's conduct during trial unfairly prejudice the defendant?

## ANALYSIS

### I.

The proponent of a chemical test must establish that the test itself is reliable and that its administration in the particular instance conformed to procedure necessary to ensure reliability. *State v. Dille*, 258 N.W.2d 565, 568 (Minn.1977). Once a prima facie showing of trustworthy administration has been made, it is incumbent on the defendant to suggest a reason why the test was untrustworthy. *Id.; Tate v. Commissioner of Public Safety*, 356 N.W.2d 766, 768 (Minn.Ct.App.1984).

Appellant makes several contentions regarding his general claim that the trial court improperly infringed upon his ability to challenge the Intoxilyzer results.

1. Appellant claims the trial court improperly placed the burden of proving the test invalid on appellant. The record does not bear this out. The trial court

referenced Minn.Stat. § 634.16 (1984), which states:

> In any civil or criminal hearing or trial, the results of an infrared breath-test, when performed by a person who has been fully trained in the use of an infrared breath-testing instrument, as defined in section 169.01, subdivision 68, pursuant to training given or approved by the commissioner of public safety or his acting agent, are admissible in evidence without antecedent expert testimony that an infrared breath-testing instrument provides a trustworthy and reliable measure of the alcohol in the breath.

Here there was sufficient evidence that the Intoxilyzer used in this case was functioning properly and the test was reliable. Appellant must then suggest a reason why the test was untrustworthy, which he failed to do. There was no error.

■ 2. Appellant claims the trial court did not allow defense counsel to cross-examine witnesses about the 15–20 minute continuous observation period of test subjects, as recommended by the BCA. The record discloses that defense counsel did question the witnesses on this subject. There was no evidence that any lack of observation in this case may have affected this test. *Melin v. Commissioner of Public Safety,* 384 N.W.2d 474, 476 (Minn.Ct. App.1986). The trial court did not err in ruling that the test results were not invalidated on this ground.

■ 3. Appellant claims he was not permitted to question expert witnesses regarding the reliability and accuracy of the Intoxilyzer 5000 machine. However, the record shows that the trial court never limited defense counsel from presenting evidence concerning the accuracy of the machine in question.

Appellant sought to ask his expert witness, Dr. Richard Jensen, about the problems with the Intoxilyzer 5000's measurement of room air. The trial court sustained an objection to defense counsel's question on how the problem could be solved and whether the Intoxilyzer 5000 could be improved. This ruling involved relevancy and was not an abuse of discretion. Similarly, an objection to a question regarding the compounds the Intoxilyzer 5000 measures was sustained and again we find no abuse of discretion.

The defense questions relating to the reliability and accuracy of the Intoxilyzer machine in general were largely irrelevant because under Minn.Stat. § 634.16 the legislature has determined that the Intoxilyzer is a reliable and accurate measuring device of alcohol in the breath when properly administered. The trial court did not abuse its discretion under Minn.R.Evid. 403 and its rulings certainly did not rise to the level of prejudicial error. *See Delaware v. Van Arsdall,* —— U.S. ——, 106 S.Ct. 1431, 89 L.Ed.2d 674 (1986).

■ 4. Appellant's breath sample resulted in an initial reading of .122, with a replicate reading of .122. The second subject test gave a reading of .137 with a replicate of .133. The correlation was 91 percent. The State's expert testified in rebuttal that 91 percent was a "pretty acceptable number".

On cross-examination defense counsel asked, "Isn't it true, sir, that if the correlation were less than 90%, it's your testimony that the test should be thrown out?" The trial court sustained the prosecutor's objection because there was no such testimony. Appellant claims he was denied the right to show that the BCA recommends 90 percent correlation and that this test was only one percent above the standard.

The trial court properly sustained the objection because the witness had not testified as defense counsel stated in his question. It is apparent that defense counsel was inquiring about testimony which the witness may have given in a previous case when he referred to "it's your testimony". The record does not show that defense counsel was precluded from inquiring into the correlation.

## II.

Appellant claims the prosecutor's closing argument was replete with prejudicial com-

ments and suggestions that the defendant was trying the system and that the jury had a choice of upholding the system or convicting the defendant. Any misconduct in closing argument was less serious than that set forth under the standards in *State v. Caron*, 300 Minn. 123, 127–28, 218 N.W.2d 197, 200 (1974). No reversible error occurred.

### III.

 Appellant claims the trial court made "constant, improper remarks and rulings concerning defense counsel and the defendant's case in general" and that the court's conduct was unfairly prejudicial to the defendant. We have reviewed the transcript and find no improper conduct.

A trial judge may examine a witness when necessary in the furtherance of justice. *See State v. Rasmussen*, 268 Minn. 42, 128 N.W.2d 289 (1964). The trial judge here asked a few questions to clarify the record and each time gave the parties the opportunity to examine on matters touched on by the judge. The judge did not manifest a feeling of bias or prejudice.

The trial judge's rulings were not consistently in favor of either side. In fact, the trial court dismissed a careless driving charge at the close of the State's case in chief. The trial court's rulings were not unfairly prejudicial against the defendant.

Appellant also claims the trial court omitted language in its instructions set forth in the new misdemeanor jury instruction guide. The trial court instructed the jury that the State has the burden beyond a reasonable doubt of showing that the Intoxilyzer was in good working order, tested prior to its use, that the operating instructions were properly followed, that the operator was properly trained and provided the test in an acceptable and prescribed manner. There were no errors in the instructions.

We find no merit to appellant's remaining claims.

### DECISION

Appellant's conviction for driving under the influence is affirmed.

Affirmed.