*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-1360**

State of Minnesota,
Respondent,

vs.

Trevir Lee Nakomous Siltman,
Appellant.

**Filed May 18, 2015
Affirmed
Stoneburner, Judge***

Ramsey County District Court
File No. 62-CR-13-9399

Lori Swanson, Attorney General, St. Paul, Minnesota; and

John J. Choi, Ramsey County Attorney, Peter R. Marker, Assistant County Attorney, St. Paul, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Jessica Merz Godes, Assistant Public Defender, St. Paul, Minnesota (for appellant)

        Considered and decided by Connolly, Presiding Judge; Kirk, Judge; and Stoneburner, Judge.

---

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

UNPUBLISHED OPINION

**STONEBURNER**, Judge

Appellant challenges his conviction of third-degree assault, arguing that the district court deprived him of a fair trial by eliciting testimony from the state's expert witness and applied the wrong legal standard to his self-defense claim. Because the district court's questioning of a witness did not implicate its impartiality and the record reflects that the district court properly evaluated appellant's self-defense claim, we affirm.

## FACTS

Appellant Trevir Lee Nakomous Siltman assaulted fellow inmate Shaun Mankey at the Ramsey County Correctional Facility (workhouse). The last punch thrown by Siltman caused an injury to Mankey's nose. The entire incident was observed by correctional officer Brian Sanders and recorded by workhouse security cameras.

Mankey was taken to the emergency room at Regions Hospital where he was treated by Dr. Carson Harris and residents working with Dr. Harris. Based on the history Mankey gave and his symptoms of contusions to the head, nasal bleeding, and swelling in the nasal area, Dr. Harris diagnosed fracture of the bony or cartilaginous area of the nose.

Siltman was charged with third-degree assault, in violation of Minn. Stat. §§ 609.02, subd. 7a (defining "substantial bodily harm" as including a fracture of any bodily member), .223, subd. 1 (defining third-degree assault as requiring infliction of substantial bodily harm) (2012). Siltman waived his right to a jury trial and gave notice of the intent to claim self-defense. The recording of the incident was admitted as a trial

exhibit, and Mankey, Officer Sanders, and Dr. Harris testified for the state. After Dr. Harris had been examined twice by each attorney, the district court expressed its confusion and, without objection from either party, asked Dr. Harris (1) if symptoms exhibited by Mankey could occur without a fracture and (2) whether cartilage actually fractures. Dr. Harris reaffirmed his earlier testimony that Mankey's symptoms were consistent only with diagnosis of fracture.

In closing argument, Siltman's attorney argued that, although Siltman initiated the fight, at the time Siltman threw the punch that injured Mankey's nose, Mankey was the aggressor and Siltman was acting in self-defense.

The district court found Siltman guilty and sentenced him to 29 months in prison. This appeal followed in which Siltman asserts that (1) by questioning Dr. Harris, the district court deprived him of a fair trial, and (2) the district court improperly placed the burden of proving self-defense on him.

## D E C I S I O N

**1.    The district court's questioning of Dr. Harris did not constitute error.**

Claims raised for the first time on appeal, including claims of judge partiality and violation of the Code of Judicial Conduct, are reviewed for plain error. *State v. Schlienz*, 774 N.W.2d 361, 365 (Minn. 2009). A plain-error analysis consists of a four-pronged test that requires consideration of whether (1) there was an error; (2) which was plain; and (3) which affected the defendant's substantial rights, and if each of these prongs is satisfied, consideration of whether the error needs to be addressed to ensure the fairness and integrity of the judicial proceedings. *Id.* at 366. "An error is plain if it 'contravenes

3

case law, a rule, or a standard of conduct.' An error affects substantial rights if it is 'prejudicial and affect[s] the outcome of the case.'" *Id.* (citations omitted).

Siltman argues that the district court's statement that it was confused signaled to the state a weakness in its case, and the district court's follow-up questions elicited critical testimony that the state failed to elicit from its expert witness. Siltman cites *State v. Costello*, in which the supreme court held that jurors may not question witnesses in a criminal case because encouraging jurors to ask questions invites jurors to form hypotheses about the case before all of the evidence is presented. 646 N.W.2d 204, 210-11 (Minn. 2002). Siltman argues that the same concern exists when a district court, acting as the factfinder, questions witnesses, and asserts that the questioning assisted the state in meeting its burden of proof. We disagree.

The rules of evidence permit a judge to ask questions and even call witnesses. Minn. R. Evid. 614(b). Minn. R. Evid. 614 1977 comm. cmt. cautions that the right to call and question witnesses can be abused by a judge who assumes an advocate's position, but the record in this case does not demonstrate abuse of the rule or signal partiality. The district court's questions merely clarified for the district court Dr. Harris's prior and unequivocal testimony that Mankey suffered a fracture. *See State v. Rasmussen*, 268 Minn. 42, 45, 128 N.W.2d 289, 291 (1964) (discouraging judicial questioning of the defendant in a criminal case tried to a jury, but concluding that such interrogation did not constitute reversible error when it was intended to merely clarify the record).

Siltman relies on cases that preclude a judge, sitting as factfinder, from seeking or obtaining evidence outside of that presented by the parties at trial. *See State v. Dorsey*, 701 N.W.2d 238, 250 (Minn. 2005). Siltman also asserts that the district court violated rule 2.9 (C) of the Minnesota Rules of Judicial Conduct, prohibiting a judge from independently investigating facts. But the district court did not seek information outside of evidence presented by the state or make any independent investigation of facts. The district court sought only clarification of evidence already presented by Dr. Harris.

On this record, we conclude that Siltman has failed to establish error, let alone plain error attributable to the district court's questioning of Dr. Harris. Because there was no error, the remaining factors of a plain-error analysis are not discussed.

**2. The record reflects that the district court applied the correct standard to Siltman's self-defense claim.**

The elements of self-defense include (1) absence of aggression or provocation on the part of the defendant; (2) the defendant's actual and honest belief that he or she was in imminent danger of death or great bodily harm; (3) the existence of reasonable grounds for the belief; and (4) the absence of a reasonable possibility of retreat to avoid the danger. *State v. Johnson*, 719 N.W.2d 619, 629-30 (Minn. 2006). When, as here, a defendant admits that he was the initial aggressor, the defendant can establish a revived self-defense claim by establishing that he (1) declined to carry on the assault, (2) honestly tried to escape from it, and (3) clearly and fairly informed the adversary of his desire for peace and an abandonment of the assault. *See State v. Carridine*, 812 N.W.2d 130, 144 (Minn. 2012).

A defendant has the burden of production to come forward with evidence to support a self-defense claim. *State v. Penkaty*, 708 N.W.2d 185, 207-08 (Minn. 2006). If the defendant meets this burden, the burden shifts to the state to disprove one or more of the elements of self-defense beyond a reasonable doubt. *Id.*

At trial, Siltman asserted that, although he was the initial aggressor, at the time he threw the punch that injured Mankey, he was acting in self-defense. In its amended findings of fact, conclusions of law, and order, the district court found that after Siltman began the fight, Mankey came toward Siltman, attempting to hit him. The district court found that Siltman "although able to escape, punched [Mankey] one more time in his face. He connected with [Mankey's] nose." The district court also found that Siltman "presented no evidence to support [self-defense] other than the video tape of the incident" and "[t]hat [Siltman] has not met his burden of establishing that he acted in self-defense." Siltman argues that the district court's findings demonstrate that the district court improperly shifted the burden of proof of self-defense to Siltman, requiring reversal of his conviction and remand for consideration under the correct legal standard.

The state argues that the district court's finding that Siltman failed to meet his "burden" plainly refers to Siltman's "burden of production." Under the circumstances of this case, we agree.

Siltman's argument is, in part, based on his assertion that if the reference in the district court's finding to his "burden" was meant to be a reference to his burden of production, he was entitled to know about that finding prior to final arguments. Siltman supports this argument with caselaw holding that a defendant is entitled to a jury

instruction on self-defense if he meets his burden of production such that, in a jury trial, a defendant must know whether he has met that burden before final argument in order to determine if he will be able to argue self-defense. *See Johnson*, 719 N.W.2d at 629-30. But Siltman cites no authority for his proposition that in a bench trial the district court is required to make and announce a finding that the defendant has or has not met the burden of production prior to final arguments. There is no such requirement. And the record does not reflect that Siltman's final argument was affected by lack of such a ruling prior to final arguments. Siltman fully argued both self-defense and that the state had failed to prove substantial bodily harm.

The state's final argument focused extensively on Siltman's failure to meet his burden of production to support his self-defense claim and in its rebuttal argument, the state correctly stated the law as it pertains to revival of an aggressor's right to self-defense. The record plainly establishes that Siltman carried on the assault after his initial punch, did not try to escape although escape was possible, and never informed Mankey by word or act that he desired to abandon the assault. Despite the wording of the district court's finding, the record makes it plain that the district court's reference to Siltman's burden refers to the "burden of production," not the "burden of proof" of self-defense. We conclude that the finding does not demonstrate that the district court improperly shifted the ultimate burden of proof to Siltman.

**Affirmed.**

7